SUNKIN, Appellee,

v.

COLLISION PRO, INC., et al., Appellants.

[Cite as *Sunkin v. Collision Pro Inc.,* 174 Ohio App.3d 56, 2007-Ohio-6046.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 23730.

Decided Nov. 14, 2007.

**60**

Cara L. Galeano–Legarri, for appellee.

Morris H. Laatsch, for appellants.

SLABY, Presiding Judge.

{¶ 1} Appellants, Collision Pro, Inc. and James Spencer, d.b.a. Green Collision, appeal an order of the Barberton Municipal Court that denied their motion for relief from judgment and motion for default judgment against Appellee, Christopher Sunkin. We affirm in part and reverse in part.

{¶ 2} On October 25, 2005, Collision Pro filed a complaint in the small claims division of Barberton Municipal Court against Christopher Sunkin. The complaint alleged that Sunkin had damaged a paint booth owned by Collision Pro and demanded damages in the amount of $2,550. Sunkin, in turn, filed a complaint in Barberton Municipal Court, general division, for replevin, breach of contract, and breach of bailment against Collision Pro and James Spencer, d.b.a. Green Collision (collectively "Collision Pro") on November 14, 2005. Sunkin alleged that he left had his 1996 Chevrolet Tahoe with Collision Pro for body repair during a three-month period beginning in April 2005, but found that the repair work "was below industry standard" when completed. According to the complaint, Sunkin paid Spencer $1,000 in exchange for further repair work, which Sunkin alleged was also completed in an unsatisfactory manner. Sunkin alleged that he made several attempts to retrieve his vehicle when the work was completed, but met with no success. On October 3, 2005, Sunkin alleged, he went to Collision Pro's place of business and found "that the business had closed and his Chevrolet Tahoe was gone." Collision Pro did not answer or otherwise respond to Sunkin's complaint.

{¶ 3} Sunkin moved the trial court for the immediate return of his vehicle pursuant to R.C. 2737.03, maintaining that Collision Pro unlawfully retained possession as part of the dispute that formed the basis of Collision Pro's complaint. The court granted Sunkin's motion on November 22, 2005. Collision

Pro did not respond until January 12, 2006, when it moved to vacate the replevin order. The trial court denied the motion, but Collision Pro retained possession of the vehicle nonetheless. Shortly thereafter, the trial court transferred Collision Pro's complaint to the general docket and granted Sunkin's motion to consolidate the cases.

{¶ 4} On May 24, 2006, Sunkin moved the trial court for a default judgment. The trial court granted the motion on May 30, 2006, entered judgment against Collision Pro, and awarded damages in the amount of $5,608.10 and attorney fees in the amount of $4,734. Sunkin perfected a judgment lien against Collision Pro on June 29, 2006. Collision Pro moved the trial court to set aside the judgment on July 7, 2006, maintaining that the failure to answer was justified because "Defendants believed that [the] matter had resolved itself." On September 18, 2006, however, Collision Pro notified the trial court that "defendants have tendered payment in full on the judgment previously entered on 5/30/06."

{¶ 5} On November 2, 2006, Collision Pro moved the trial court for default judgment on its claims against Sunkin. Collision Pro alleged:

> In support of this motion the Plaintiff Collision Pro Inc [sic] states that on January 24, 2006 an order was filed in case number CVF 0502038 consolidating the cases set forth above. The Defendant Chris Sunkin was served with a copy of the Small Claims summons and complaint on October 27, 2005. Subsequent to the date of consolidation of said cases the Defendant Chris Sunkin has failed to file an answer or other responsive pleading.

Sunkin responded in opposition, arguing that Collision Pro's claim was filed in small claims court and, therefore, that no answer was required even after the case was transferred to the general docket and consolidated with his own claims. Sunkin noted that he had vigorously contested the allegations in the complaint regardless. Sunkin also argued that Collision Pro's satisfaction of the default judgment in one case extinguished its ability to seek default judgment in the other.

{¶ 6} On April 20, 2007, the trial court denied Collision Pro's motions for relief from judgment and for default judgment. This appeal followed. Collision Pro has raised two assignments or error, which are addressed in reverse order for ease of disposition.

## ASSIGNMENT OF ERROR II

> The trial court committed error prejudicial to the Appellants in dismissing Appellants' "counterclaim" against Appellee pursuant to the provisions of Ohio Rules of Civil Procedure Rule 41(A). No motion was presented by Appellants for voluntary dismissal of their counterclaim against Appellee; the trial court

has no authority to "sua sponte" dismiss Appellant's counterclaim as a voluntary dismissal of said counterclaim pursuant to Rule 41(A).

{¶ 7} In its second assignment of error, Collision Pro argues that the trial court erred by concluding that Collision Pro's default with respect to Sunkin's claims effectuated a voluntary dismissal of its claims against Sunkin. We agree.

I

{¶ 8} As an initial matter, because we are required to raise issues of jurisdiction sua sponte, we must consider whether the order from which Collision Pro appeals is a final-appealable order. This involves a two-step inquiry in which we first determine whether the order is final within the meaning of R.C. 2505.02, then consider whether language in compliance with Civ.R. 54(B) is required. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 21, 540 N.E.2d 266.

{¶ 9} R.C. 2505.02(B)(1) provides that an order is final when it "affects a substantial right in an action that in effect determines the action and prevents a judgment." A substantial right is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). Under ordinary circumstances, an order that denies a motion for default judgment is not final because it neither affects a substantial right nor determines the judgment. See *Whittington v. Conrad*, 5th Dist. No. 02CA51, 2002-Ohio-4061, 2002 WL 1821914, at ¶ 13–15. The unique procedural posture of this case, however, requires a closer examination of the trial court's order, which provided:

> As to the motion to grant default judgment on the original small claims action, the Court finds this motion to be without merit. The cases were consolidated and were to be held together. When the Defendant failed to answer the action, which in effect became a counter-claim, *the original action filed by the Defendant became voluntarily dismissed.*

(Emphasis added.) Collision Pro's claims, however, were not voluntarily dismissed. This court has concluded that a voluntary dismissal under Civ.R. 41(A) requires unequivocal action by the plaintiff, either in the form of a motion that complies with the specificity requirements of Civ.R. 7 or in a notice that expresses the plaintiff's intentions clearly from the form and content of the document. *Price v. Matco Tools*, 9th Dist. No. 23583, 2007-Ohio-5116, 2007 WL 2810006, at ¶ 15–16. Collision Pro neither gave notice of voluntary dismissal under Civ.R. 41(A)(1)(a) nor moved the court to dismiss its claim pursuant to Civ.R. 41(A)(2).

■ {¶ 10} The trial court did not dismiss Collision Pro's claims explicitly, but the import of the trial court's statement is evident: Collision Pro no longer maintained claims against Sunkin. Because Collision Pro neither moved for voluntary dismissal nor gave notice of the same, this language most closely resembles a dismissal with prejudice, as described by Civ.R. 41(B)(3):

> A dismissal under division (B) of this rule and any dismissal not provided for in this rule, except as provided in division (B)(4) of this rule, operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies.

A dismissal with prejudice in a civil case affects the substantial right of the plaintiff to seek redress for injury in the courts, as provided by Section 16, Article I of the Ohio Constitution. Cf. *Liposchak v. Admr., Ohio Bur. of Workers' Comp.* (2000), 138 Ohio App.3d 368, 377, 741 N.E.2d 537 (noting that a dismissal without prejudice does not affect a substantial right for purposes of R.C. 2505.02(B)(1) because "[t]he lower court's dismissal permitted the appellants to file a new complaint in the future. * * * [A]ppellants are free to file a new complaint, [and] the trial court's dismissal was not a final order").

■ {¶ 11} This case, therefore, fits squarely within the definition of a final order provided by R.C. 2505.02(B)(1). The trial court's order effectively left Collision Pro with no pending claims, thereby denying Collision Pro the right to redress injury guaranteed by Article 16, Section I of the Ohio Constitution and determining the action with respect to Collision Pro's claims in favor of Sunkin. Further, because the trial court's order effectively resolved the only claims remaining in the consolidated action, Civ.R. 54(B) certification is not required to render the order appealable. "[T]he absence of Civ.R. 54(B) language will not render an otherwise final order not final. Thus, when all claims and parties are adjudicated in an action, Civ.R. 54(B) language is not required to make the judgment final." *General Acc. Ins. Co.*, 44 Ohio St.3d at 21, 540 N.E.2d 266. Because the trial court's order in this case affects a substantial right and in effect determined the judgment with respect to the only remaining claim in the action, this court has jurisdiction to consider Collision Pro's appeal.

## II

{¶ 12} Collision Pro maintains that the trial court erred in its conclusion that the default judgment entered against Collision Pro with respect to Sunkin's claims also constituted a voluntary dismissal of its claims against Sunkin. Sunkin appears to concede that the trial court's statement is problematic, arguing in his brief that this court should either dismiss Collision Pro's appeal for lack of a final-appealable order or affirm because dismissal of Collision Pro's claims for failure to prosecute was justified in any event. As explained above, we reject Sunkin's

contention that this court lacks jurisdiction because the trial court's order can best be characterized as a dismissal with prejudice pursuant to Civ.R. 41(B)(3). We also agree with Collision Pro that the trial court erred.

{¶ 13} The trial court reasoned that when the cases were consolidated, Collision Pro's claims against Sunkin essentially became counterclaims, and Collision Pro could not default with respect to Sunkin's claims without also abandoning its own. This reasoning bears some resemblance to the rule that a party in default forfeits the right to pursue compulsory counterclaims by operation of res judicata. See *Broadway Mgt., Inc. v. Godale* (1977), 55 Ohio App.2d 49, 49–50, 9 O.O.3d 208, 378 N.E.2d 1072. This rule is derivative from the general rule set forth in Civ.R. 13(A) that compulsory counterclaims must be brought in the same action or not at all, in order "to avoid multiplicity of suits by requiring in one action the litigation of all existing claims arising from a single transaction or occurrence, no matter which party initiates the action." *Forney v. Climbing Higher Ents., Inc.,* 158 Ohio App.3d 338, 2004-Ohio-4444, 815 N.E.2d 722, at ¶ 12.

{¶ 14} Civ.R. 13(A), however, specifies that "the pleader need not state the claim if * * * at the time the action was commenced the claim was the subject of another pending action." In other words, a defendant need not assert compulsory counterclaims in a responsive pleading when those claims are the subject of an action already pending. Even assuming, therefore, that Collision Pro's claims arise out of the same transaction and occurrence as Sunkin's (a matter that Sunkin denied), they were not subject to the res judicata effect of Civ.R. 13(A) because they were pending at the time Sunkin filed his own claims. To the extent that the trial court's order is based on the application of res judicata as a result of the default judgment entered against Collision Pro, it was error.

{¶ 15} Sunkin urges this court to overrule Collision Pro's assignment of error, however, on the grounds that the trial court properly dismissed the claim for failure to prosecute, as permitted by Civ.R. 41(B)(1). This court will generally affirm a trial court's decision on other grounds if the trial court's decision is legally correct. See *Moody v. Coshocton Cty.,* 9th Dist. No. 05CA0059, 2006-Ohio-3751, 2006 WL 2044253, at ¶ 16, citing *Cook Family Invests. v. Billings,* 9th Dist. Nos. 05CA008689, 05CA008691, 2006-Ohio-764, 2006 WL 401307, at ¶ 19. In this case, however, dismissal for failure to prosecute would also have been error.

{¶ 16} An action may be dismissed for failure to prosecute upon motion of a defendant or the court's own motion provided that notice is given to the plaintiff. Civ.R. 41(B)(1). The notice requirement "provide[s] the party in

default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice." *Logsdon v. Nichols* (1995), 72 Ohio St.3d 124, 128, 647 N.E.2d 1361, quoting McCormac, Ohio Civil Rules Practice (2d Ed.1992) 357, Section 13.07. Implied notice may be sufficient to satisfy the requirement of Civ.R. 41(B)(1) when reasonable under the circumstances. "For purposes of Civ.R. 41(B)(1), counsel has notice of an impending dismissal with prejudice * * * when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." *Quonset Hut, Inc. v. Ford Motor Co.* (1997), 80 Ohio St.3d 46, 684 N.E.2d 319, syllabus. A pending motion to dismiss, for example, is sufficient for notice to be charged to the plaintiff. *Sazima v. Chalko* (1999), 86 Ohio St.3d 151, 156, 712 N.E.2d 729.

{¶ 17} In this case, it is evident from the record that Collision Pro took few, if any, measures to prosecute its claims against Sunkin after the claims were transferred to the General Division and consolidated with Sunkin's claims. It is equally apparent, however, that Collision Pro had neither actual nor implied notice that dismissal for failure to prosecute was imminent. Under these circumstances, we cannot agree that the trial court's decision was legally correct with respect to Collision Pro's failure to prosecute, and we decline to overrule Collision Pro's second assignment of error on that basis.

{¶ 18} Collision Pro's second assignment of error is sustained.

## ASSIGNMENT OF ERROR I

The court committed error prejudicial to the Appellants in overruling Appellant's motion for relief from judgment, Rule 60(B) Ohio Rules of Civil Procedure. The Appellants were entitled to relief from judgment in that the procedures employed by the Trial Court in granting default judgment against them failed to comply with specific provisions of Ohio Rules of Civil Procedure Rule 55(A).

{¶ 19} In its first assignment of error, Collision Pro maintains that the trial court erred by denying its motion for relief from the default judgment entered against it and in favor of Sunkin. This assignment of error is moot because Collision Pro satisfied the judgment that was the subject of his motion under Civ.R. 60(B).

{¶ 20} This court may review only live controversies. *Westfield Lakes, L.P. v. Bd. of Zoning Appeals of Westfield Twp.* (Aug. 15, 2001), 9th Dist. No. 3158M, 2001 WL 929384, at *1. "As a general proposition, an appeal from a judgment with which the appellant has voluntarily complied will be dismissed as moot. * * * In other words, '[a]fter compliance, there is nothing to litigate.'" Id., quoting *Am. Book Co. v. Kansas* (1904), 193 U.S. 49, 52, 24 S.Ct. 394, 48

L.Ed. 613. When a nonappealing party obtains satisfaction of judgment, the issues raised in the appeal are rendered moot, and the appeal must be dismissed. *Hagood v. Gail* (1995), 105 Ohio App.3d 780, 785, 664 N.E.2d 1373, citing *Blodgett v. Blodgett* (1990), 49 Ohio St.3d 243, 245, 551 N.E.2d 1249.

{¶ 21} On September 18, 2006, with its motion to set aside the default judgment pending, Collision Pro notified the trial court that "defendants have tendered payment in full on the judgment previously entered on 5/30/06." Satisfaction of this judgment extinguished the controversy between the parties with respect to the default judgment entered against Collision Pro, and this assignment of error is therefore moot.

{¶ 22} Collision Pro's second assignment of error is sustained, while its first assignment of error is rendered moot by satisfaction of the underlying judgment. The judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded to the trial court for proceedings consistent with this opinion.

Judgment affirmed in part
and reversed in part,
and cause remanded.

WHITMORE and MOORE, JJ., concur.