DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellants, David and Keville Miller (collectively "the Millers"), appeal from the judgment of the Summit County Court of Common Pleas dismissing their case against Attorney Brian J. Williams and his Limited Partnership (collectively "Attorney Williams"). This Court affirms.
 I {¶ 2} On March 7, 2006, Charity Wrinch filed suit against her landlords, the Millers, for retaliation, breach of contract, failure to return a security deposit, and either negligent or intentional infliction of emotional distress ("the Wrinch suit"). The Millers filed a counterclaim against Wrinch on the basis of malicious prosecution and breach of contract. As to their malicious prosecution claim, the Millers sought attorney fees on the basis of R.C. 2323.51, the frivolous conduct statute. Attorney Williams represented Wrinch in the foregoing litigation. *Page 2 
 {¶ 3} On June 23, 2006, during the pendency of the Wrinch suit, the Millers filed suit against Attorney Williams for abuse of process and fraud ("the Miller suit"). The Millers argued that Attorney Williams knew of the frivolity of the Wrinch suit, but nonetheless agreed to represent Wrinch and litigate against them on her behalf. On March 23, 2007, the trial court stayed the Miller suit pending the determination of the Wrinch suit.
 {¶ 4} The jury in the Wrinch suit ultimately found in favor of the Millers on all counts and awarded them $18,000 in damages based on their counterclaim for malicious prosecution. Upon the Millers' post-trial motions, the trial court also awarded the Millers litigation expenses. The trial court assessed the $26,211 litigation expense award against Attorney Williams based on his failure to advise his client against pursuing a frivolous claim or to extract himself from the litigation once it became clear that Wrinch wished to continue.
 {¶ 5} After the trial in the Wrinch suit concluded, Attorney Williams filed a motion to reactivate the Miller suit. The trial court ordered the reactivation on October 24, 2007. On January 18, 2008, the Millers sought to amend their complaint against Attorney Williams to incorporate the jury's findings from the Wrinch suit and to change their fraud claim to a claim of malicious prosecution.[1] The trial court determined that, given the outcome in the Wrinch suit *Page 3 
and the fact that the Miller suit relied upon the same set of facts, any award of damages against Attorney Williams in the Miller suit would constitute double recovery. Consequently, the court struck the Millers' amended complaint and gave them thirty days within which to file a second amended complaint based upon an alternate theory or set of facts. When the Millers failed to do so, the trial court dismissed their case on April 7, 2008.
 {¶ 6} The Millers now appeal from the trial court's dismissal of the Miller suit and raise one assignment of error for our review.
 II Assignment of Error
"THE TRIAL COURT ERRED IN FINDING THAT HOLDING ATTORNEY WILLIAMS JOINTLY AND SEVERALLY LIABLE WITH HIS CLIENT FOR MALICIOUS PROSECUTION WOULD AMOUNT TO A DOUBLE RECOVERY."
 {¶ 7} In their sole assignment of error, the Millers argue that the trial court erred in striking their complaint and dismissing their case against Attorney Williams based on the theory of double recovery. We disagree.
 {¶ 8} When a plaintiff fails to comply with an order of the trial court, the court may dismiss the action sua sponte after giving notice to the plaintiffs counsel. Civ. R. 41(B)(1). "The notice requirement `provide[s] the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice.'" Sunkin v. Collision Pro, Inc., 9th Dist. No. 23730,2007-Ohio-6046, at ¶ 16, quoting Logsdon v. Nichols (1995),72 Ohio St.3d 124, 128. "For purposes of Civ. R. 41(B)(1), counsel has notice of an impending dismissal with prejudice * * * when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." Quonset Hut, Inc. v. Ford Motor Co. (1997),80 Ohio St.3d 46, syllabus. "A dismissal under [Civ. R. 41(B)] * * * *Page 4 
operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." Civ. R. 41(B)(3).
 {¶ 9} We review a trial court's decision to dismiss a case pursuant to Civ. R. 41(B)(1) for an abuse of discretion. Quonset Hut,80 Ohio St.3d at 47. The phrase "abuse of discretion" connotes more than an error of judgment; rather, it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd, (1993), 66 Ohio St.3d 619, 621. We must, however, apply the abuse of discretion standard "with a heightened scrutiny, because the trial court's decision [to dismiss an action pursuant to Civ. R. 41(B)(1)] `forever den[ies] a plaintiff a review of a claim's merits.'" Yencho v. Yencho, 9th Dist. No. 07CA0043-M, 2008-Ohio-340, at ¶ 10.
 {¶ 10} The Millers argue that the trial court erred in dismissing the action because "holding Attorney Williams jointly and severally liable with his client for [malicious prosecution] damages would not amount to a double recovery." The record reflects, however, that the trial court dismissed the Millers' action because the Millers failed to file a second amended complaint within the thirty day timeframe that the court allotted them in its order. The court's February 25, 2008 order provided, in relevant part, as follows:
 "[T]he Court strikes the Amended Complaint and this matter will be dismissed unless the Millers present a Second Amended Complaint based on a cause of action other than malicious prosecution or abuse of process within thirty (30) days of the date of this entry."
Accordingly, the Millers had notice that their failure to comply with the court's order would result in the dismissal. See Quonset Hut,Inc., 80 Ohio St.3d at syllabus. Further, the trial court *Page 5 
gave the Millers the opportunity to correct the defect that the trial court identified in its order. See Sunkin at ¶ 16.
 {¶ 11} The Millers fail to assign the trial court's Civ. R. 41(B)(1) dismissal as error on appeal. See App. R. 16(A)(7). The Millers argue that the trial court misapplied the substantive law with regard to whether or not their first amended complaint stated a claim upon which relief could be granted. In other words, they attempt to challenge the trial court's reasoning in its February 25, 2008 interlocutory order instead of the court's subsequent, final decision to dismiss the action due to the Millers' failure to comply with its earlier order. The record evinces that the trial court dismissed the Millers' suit on procedural, not substantive, grounds. The trial court's April 7, 2008 order provides, in relevant part, as follows:
 "[The Millers] have failed to file a Second Amended Complaint as ordered by this Court on February 25, 2008. Therefore, this case is DISMISSED."
As the Millers have not argued that the trial court erred by dismissing their action pursuant to Civ. R. 41(B)(1) and their failure to comply with the court's order, we will not construct an argument on their behalf to conclude that the trial court abused its discretion in dismissing their action. See Cardone v. Cardone (May 6, 1998), 9th Dist. No. 18349, at *8 ("If an argument exists that can support this assignment of error, it is not this court's duty to root it out.").
 {¶ 12} The trial court dismissed the Millers' action after forewarning them that it would do so unless they filed a second amended complaint and giving them thirty days to comply with its order. We cannot conclude that the trial court abused its discretion in dismissing the Millers' suit. Moreover, because the trial court's April 7, 2008 order did not specify otherwise, we find that the court's dismissal operated as an adjudication on the merits. See Civ. R. 41(B)(3). The Millers' sole assignment of error is overruled. *Page 6 
 III {¶ 13} The Millers' sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellants.
MOORE, J. CONCURS
[1] While the Millers captioned their second claim as one of "fraud" in their initial complaint, the only facts that they alleged in support of that claim were that Attorney Williams "either purposely, maliciously, or with wanton recklessness disregarded" their written lease with Wrinch and filed a groundless claim. Such allegations would not support a claim of fraud. See Jarvis v. Stone, 9th Dist. No. 23904,2008-Ohio-3313, at ¶ 10 (setting forth the elements of fraud including the presence of a material misrepresentation and justifiable reliance thereon). Thus, it would appear that the Millers erroneously captioned their second claim as one of fraud and attempted to rectify that error by captioning their second claim as one of malicious prosecution in their amended complaint. *Page 7