[Cite as *Mark's Akron Medina Truck Sales, Inc. v. AFC Funding Corp.*, 2011-Ohio-3797.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

MARK'S AKRON MEDINA TRUCK
SALES, INC.

    Plaintiff

    v.

AFC FUNDING CORPORATION, et al.

    Defendants

    and

TRINITY

    Appellant

    v.

JOHN MALBIN

    Apellee

C.A. No.     25466

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2009 02 0887

DECISION AND JOURNAL ENTRY

Dated: August 3, 2011

BELFANCE, Presiding Judge.

{¶1}    Defendant-Appellant Trinity appeals from the decision of the Summit County Court of Common Pleas dismissing its counterclaims with prejudice. For the reasons set forth below, we reverse.

I.

{¶2} The procedural history of this matter is voluminous; thus, only the portions relevant to the disposition of this appeal will be discussed. The instant matter began in February 2009 with the filing of a complaint by Mark's Akron Medina Truck Sales, Inc. ("Mark's) for judicial dissolution of Mark's pursuant to R.C. 1701.91 along with a motion for the emergency appointment of a receiver. The complaint provided that Mark's was insolvent and was "unable to afford reasonable security to its numerous creditors[.]" Those creditors were named as defendants in the complaint. One of those named as a creditor/defendant was Trinity, a division of Bank of the West, an entity based in California. The complaint indicated that Trinity would likely allege that it was a secured creditor of Mark's. The court granted the motion for the emergency appointment of a receiver and also allowed the receiver to employ his own counsel. Subsequently, an amended complaint was filed naming John Malbin, the sole shareholder and president of Mark's, as the plaintiff and real party in interest and naming Mark's as a defendant. Ultimately, Trinity filed counterclaims against Mr. Malbin individually for (1) possession of personal property, (2) wrongful attachment, conversion, and tortious interference with contract, and for (3) money damages related to a financing agreement concerning four trailers.

{¶3} On February 26, 2010, the trial court issued the following order:

"the Receiver's Counsel shall forthwith review the pleadings in this case and cause to be presented to the Court a list of any unresolved pleadings. If any of the unresolved pleadings require action by the Receiver's Counsel to file motions for default, such motions shall be filed forthwith, along with a draft order to accomplish the same.

"The Court orders the Receiver's Counsel shall prepare a list of all pending counterclaims and crossclaims as against Mark's Akron Medina Truck Sales, Inc. with the intent to ensure those claims directed specifically against the corporate entity have been resolved, or are being resolved. A separate category shall be listed of all those claims, counterclaims and/or third party claims as between other parties in this matter, and/or between other parties in this matter to include John

M[albin]. That list shall be created in the nature of a notice. Additionally, by this order, upon a circulation of such list(s) by the Receiver's Counsel, all parties who have any outstanding claims, separate and apart from the corporate entity and solely between themselves and/or John M[albin], shall within ten (10) working days of the circulation date by email as distributed by the Receiver's Counsel, cause to be filed a notice to the Court of any pending claims in need of resolution or disposition as between one of the parties and another party defendant and/or John M[albin]. This will include the filing of any motions for default in draft entries for default. Failure to comply with these matters within the timeframe described above will cause this Court to enter an order dismissing such claims for failure to prosecute. Such dismissal shall be with prejudice pursuant to Civ.R. 41(B)(1).

"The Receiver's counsel, upon receipt of this order, shall forthwith cause time-stamped copies of the same to be circulated to all parties on the distribution list by email."

{¶4} On April 14, 2010, the receiver's counsel filed a "Notice of * * * Receiver * * * Regarding Pending Claims Pursuant To This Court's Order of February 23, 2010." The notice states:

"PLEASE TAKE NOTICE that pursuant to this Court's Order of February 23, 2010, * * * Receiver for Mark's Akron Medina Truck Sales, Inc. (the 'Receiver') ha[s] prepared a list of pending litigation (the 'Pending Litigation List'). The Pending Litigation List is attached hereto as Exhibit A.

"This Notice is hereby served via email by the Receiver's counsel consistent with the Court's Order of February 23, 2010. Parties who believe they have any outstanding claims should comply with this Court's February 23, 2010 Order."

{¶5} The Pending Litigation List states that Trinity has a claim pending and that it is "[s]till pursuing Mr. Malbin[.]" Trinity did not file anything in response to the April 14, 2010 notice and thereafter, on May 26, 2010, the trial court dismissed Trinity's counterclaims with prejudice. Trinity has appealed raising three assignments of error for our review. Appellee, the receiver for Mark's has responded in opposition. Appellee John Malbin has failed to file an appellate brief.

II.

ASSIGNMENT OF ERROR I

"THE TRIAL COURT ERRED IN DISMISSING, WITH PREJUDICE, TRINITY'S CLAIMS AGAINST MR. MALBIN AS TRINITY GAVE NOTICE OF ITS INTENT TO PROCEED WITH ITS CLAIMS AGAINST MR. MALBIN."

ASSIGNMENT OF ERROR II.

"THE TRIAL COURT ERRED IN DISMISSING TRINITY'S CLAIMS WITH PREJUDICE WITHOUT AFFORDING TRINITY AN OPPORTUNITY TO CORRECT OR EXPLAIN THE PERCEIVED FAILURE TO GIVE NOTICE OF INTENT TO PROCEED."

**{¶6}** Trinity asserts in its first assignment of error that the trial court erred in dismissing its counterclaims with prejudice as Trinity did respond appropriately to the trial court's order, albeit allegedly by email directed at the receiver. Trinity asserts in its second assignment of error that the trial court erred in dismissing its counterclaims with prejudice as Trinity was not given an opportunity to correct its alleged failure to respond to the order. While we agree that the trial court erred in dismissing Trinity's counterclaims with prejudice, we do so for different reasons than those advanced by Trinity.

**{¶7}** Trinity's arguments focus on its communications with the receiver via email following the trial court's February 26, 2010 order. However, as those emails are neither part of the trial court or appellate record, they will not be considered in determining the merits of this appeal.

**{¶8}** "We review a trial court's decision to dismiss a case pursuant to Civ.R. 41(B)(1) for an abuse of discretion." *Yencho v. Yencho*, 9th Dist. No. 07CA0043-M, 2008-Ohio-340, at ¶10. However, when the dismissal "forever den[ies] a plaintiff a review of a claim's merits[,]" the standard of review is heightened. (Internal quotations and citation omitted.) *Sazima v.*

*Chalko* (1999), 86 Ohio St.3d 151, 158. Civ.R. 41(B)(1) provides that, "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." Civ.R. 41(C) notes that "[t]he provisions of this rule apply to the dismissal of any counterclaim, cross-claim, or third-party claim." Thus, inherent within the rule is a notice requirement. See *Perotti v. Ferguson* (1983), 7 Ohio St.3d 1, 2-3. In some circumstances, implied notice is sufficient. *Sunkin v. Collision Pro, Inc.*, 174 Ohio App.3d 56, 2007-Ohio-6046, at ¶16.

> "The notice requirement provide[s] the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice. * * * "For purposes of Civ.R. 41(B)(1), counsel has notice of an impending dismissal with prejudice * * * when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." (Internal citations and quotations omitted.) Id.

**{¶9}** In the instant matter, the trial court's order of February 26, 2010 did provide notice of the potential for dismissal with prejudice; however, it also left room for a certain degree of interpretation. Notwithstanding any ambiguity present in the order, however, we nonetheless conclude, based upon the unique factual circumstances of this case, that Trinity's inaction did not warrant a dismissal with prejudice. The trial court's February 26, 2010 order stated that:

> "Additionally, by this order, upon a circulation of such list(s) by the Receiver's Counsel, all parties who have any outstanding claims, separate and apart from the corporate entity and solely between themselves and/or John M[albin], shall within ten (10) working days of the circulation date by email as distributed by the Receiver's Counsel, cause to be filed a notice to the Court of any pending claims in need of resolution or disposition as between one of the parties and another party defendant and/or John M[albin]."

**{¶10}** Thus, the circulation of the list by the receiver's counsel would trigger Trinity's duty to respond to the February 26, 2010 order within ten working days. The notice issued by the receiver's counsel containing that list was filed April 14, 2010 and indicates that the list was

"hereby served by email[.]" The problem with the notice containing the list is that it refers the parties to the court's order of *February 23, 2010,* as opposed to February 26, 2010, the date that the relevant court order was actually filed. The notice specifically provides that "[p]arties who believe they have any outstanding claims should comply with this Court's February 23, 2010 order." While this kind of typographical error might not lead to confusion or cause problems in a typical case involving only a few parties, in a case such as this, this error could cause substantial problems. This litigation involved over fifty separately named parties and a docket that contained over five hundred entries. One can imagine that the parties to the action quickly scanned items docketed to determine if the item applied to them. Given the contents of the notice, it would be reasonable for a party reading the notice to hone in on any entry issued by the court on February 23, 2010, as that is the date listed in the notice. To further complicate matters, there was a magistrate's decision issued on February 23, 2010, along with an entry affirming the magistrate's decision, and thus, it would not be completely unreasonable for a party reading the notice issued by the receiver's counsel to disregard it if nothing in the magistrate's decision applied to it. The magistrate's decision issued February 23, 2010 clearly did not apply to Trinity and contained nothing about pending claims.

{¶11} Certainly the better practice in this situation would have been for Trinity to take some action to obtain guidance and clarification concerning the notice given the absence of information concerning pending claims in the February 23, 2010 entry. Nonetheless, based upon the wording of the notice, we cannot say that Trinity failed to comply with the notice. The notice referred Trinity to an entry that did not require Trinity to do anything. Thus, based solely on the record before us, Trinity's inaction cannot be said to be unreasonable, nor can we say that it warranted a dismissal with prejudice. See *Sazima,* 86 Ohio St.3d at 158 (noting that dismissals

with prejudice are reserved for "extreme circumstances"). To the extent that Trinity has asserted that the trial court erred in dismissing its action with prejudice, we agree and sustain the relevant portions of the first two assignments of error.

## ASSIGNMENT OF ERROR III

"THE TRIAL COURT'S ORDER DISMISSING TRINITY'S CLAIMS WITH PREJUDICE IS VOID AS THE TRIAL COURT WAS WITHOUT SUBJECT MATTER JURISDICTION OVER MR. MALBIN'S CLAIMS AGAINST HIS INDIVIDUAL/PERSONAL CREDITORS."

{¶12} Trinity asserts in its third assignment of error that the trial court lacked subject matter jurisdiction over its counterclaims because it was suing Mr. Malbin in his personal capacity. Trinity offers little argument or analysis in support of this contention and instead merely asserts that "[n]othing set forth in [R.C. 1701.91] authorizes a State Trial Court to grant an individual what is akin to a discharge in a Chapter 7 bankruptcy[.]" "If an argument exists that can support this assignment of error, it is not this court's duty to root it out. We disregard this inadequately argued assignment of error. See App.R. 12(A)(2) and 16(A)(7)." *Cardone v. Cardone* (May 6, 1998), 9th Dist. No. 18349, at *8.

## III.

{¶13} In light of the foregoing, we sustain the portions of Trinity's first two assignments of error asserting that the trial court erred in dismissing its counterclaims with prejudice. We reverse the judgment of the Summit County Court of Common Pleas and remand the matter for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee, John Malbin.

_____
EVE V. BELFANCE
FOR THE COURT

CARR, J.
MOORE, J.
CONCUR

APPEARANCES:

SCOTT J. ORILLE, Attorney at Law, for Appellant.

MARY K. WHITMER, Attorney at Law, for Appellee.