[Cite as *Sizemore v. Gen. Motors Co.*, 2012-Ohio-4003.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| | |
|---|---|
| DR. TERRIE SIZEMORE RN DVM | C.A. No. 11CA0025-M |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| GENERAL MOTORS COMPANY | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellee | CASE No. 10CIV0102 |

DECISION AND JOURNAL ENTRY

Dated: September 4, 2012

CARR, Judge.

{¶1} Appellant, Dr. Terrie Sizemore, RN DVM, appeals the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} In January 2010, Dr. Sizemore filed a complaint sounding in products liability against appellee, General Motors Co., and four "John Doe" defendants who are not parties to this appeal. A summons issued with the complaint to General Motors instructed that the defendant must serve a copy of its answer on the plaintiff's attorney within 28 days of service of the complaint. The summons inaccurately indicated that Dr. Sizemore was represented by a certain law firm, although she was proceeding pro se in the matter. General Motors filed its answer one day late, on the twenty-ninth day after service of the complaint. The answer asserted insufficient process and insufficient service of process among its many defenses. Six days later, Dr. Sizemore filed a motion to strike General Motors' answer as untimely and a motion for default

judgment. The next day, a new summons was reissued to General Motors with the complaint, deleting the reference to any law firm and indicating the Dr. Sizemore was acting pro se. The following day, General Motors filed a motion for leave to file its answer instanter. The magistrate issued an order granting General Motors' motion for leave to file its answer instanter. Dr. Sizemore did not file a motion to set aside the magistrate's order. Instead, she filed a notice of appeal in case number 10CA0040-M. This Court issued a journal entry dismissing that appeal for lack of a final, appealable order.

{¶3} General Motors filed a motion to dismiss the complaint for the reason that the United States Bankruptcy Court for the Southern District of New York had issued an order enjoining Dr. Sizemore from pursuing any further legal action against General Motors. Although Dr. Sizemore initially opposed General Motors' motion, two weeks later she moved to "withdraw" General Motors as a defendant. At the same time, she moved to add "Stanley Sparks" in place of one of the John Doe defendants.

{¶4} After the trial court held an oral hearing on Dr. Sizemore's motion, it issued an order noting that the plaintiff "was not able to articulate a cause of action against Mr. Sparks." It then ordered her to file a memorandum within 14 days enunciating any legal justification for her proposed amendment to her complaint. Dr. Sizemore filed a memorandum, asserting merely that Civ.R. 15(D) requires the amendment of a complaint when the identity of an unknown party is discovered, while Civ.R. 15(A) states that leave to amend a complaint "shall be freely given when justice so requires." Dr. Sizemore offered no justification for the specific substitution of Mr. Sparks as a defendant. The trial court subsequently issued two orders. It granted Dr. Sizemore's motion to "withdraw" General Motors as a defendant, construing the motion as one to dismiss the claims against General Motors. The trial court later dismissed the case with

prejudice after finding that Dr. Sizemore had presented no reason justifying the substitution of Mr. Sparks for one of the John Doe defendants. Dr. Sizemore appealed.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN DISMISSING 10CIV0102 AND DENYING DR. SIZEMORE'S REQUEST FOR DEFAULT JUDGMENT PURSUANT TO CIV.R. 55(A) FOR NON-COMPLIANCE WITH CIV.R. 12(A)(1). ALSO, THE TRIAL COURT ERRED IN DENYING REQUEST TO SUBSTITUTE JOHN DOE DEFENDANT WITH MR. STANLEY SPARKS AND CITED NO LEGAL REFERENCE FOR DENYING HER REQUEST PURSUANT TO CIVIL RULES.

**{¶5}** Dr. Sizemore raises three issues for our review in her assignment of error. She argues that the trial court erred (1) by denying her motion for default judgment, (2) by denying her request to substitute Mr. Sparks as a defendant in lieu of John Doe, and (3) by dismissing her complaint. This Court disagrees.

**{¶6}** As a preliminary matter, we note that Dr. Sizemore has represented herself pro se both below and on appeal. "A pro se appellant is held to the same obligations and standards set forth in the appellate rules that apply to all litigants." *Smythe, Cramer Co. v. Breckenridge Real Estate Marketing Grp., Inc.*, 9th Dist. No. 2870-M, 2000 WL 150773 (Feb. 9, 2000). This Court is, therefore, constrained from considering her arguments in a manner inconsistent with our precedent only because she is not a licensed attorney.

Default Judgment

**{¶7}** Dr. Sizemore argues that the trial court erred by denying her motion for default judgment against General Motors. "This court may review only live controversies." *Sunkin v. Collision Pro, Inc.*, 174 Ohio App.3d 56, 2007-Ohio-6046, ¶ 20 (9th Dist.), citing *Westfield Lakes, L.P. v. Bd. of Zoning Appeals of Westfield Twp.*, 9th Dist. No. 3158M, 2001 WL 929384

(Aug. 15, 2001). Although Dr. Sizemore did in fact file a complaint and motion for default judgment against General Motors, she subsequently moved to withdraw General Motors from the suit. The trial court granted her motion to withdraw and dismissed General Motors from the action. Accordingly, we decline to address the argument relating to the trial court's denial of Dr. Sizemore's motion for default judgment as it has been rendered moot by her dismissal of General Motors as a defendant.

Substitution of Stanley Sparks for John Doe Defendant

{¶8} Dr. Sizemore's assignment of error asserts that the trial court erred by denying her request to substitute Stanley Sparks for one of the John Doe defendants named in her complaint. She fails, however, to set forth any argument containing her contentions with respect to this issue in her assignment of error as required by App.R. 16(A)(7). We have repeatedly observed that "an appellant's assignment of error provides this Court with a roadmap to guide our review." *Akron v. Johnson*, 9th Dist. No. 26047, 2012-Ohio-1387, ¶ 3, quoting *Taylor v. Hamlin-Scanlon*, 9th Dist. No. 23873, 2008-Ohio-1912, ¶ 12, citing App.R. 16(A). This Court declines to chart our own course when, as in this case, the appellant fails to provide any guidance. App.R. 12(A)(2).

Dismissal of Action

{¶9} Dr. Sizemore argues that the trial court erred by dismissing her action. This Court disagrees.

{¶10} Dr. Sizemore filed her complaint against General Motors and four John Doe defendants. There was never a proper substitution of any identified defendants for the named John Doe defendants. Dr. Sizemore moved the trial court to dismiss General Motors as a defendant in her action. She cannot now be heard to complain that the trial court did what she

asked it to do. "Under the invited-error doctrine, a party will not be permitted to take advantage of an error that he himself invited or induced the trial court to make." *David v. Edwood Development Co.*, 9th Dist. No. 19252, 2000 WL 46107 (Jan. 12, 2000). By moving the trial court to dismiss General Motors as a defendant in the belief, reasonable or not, that the United States Bankruptcy Court for the Southern District of New York had mandated such action when it ordered that Dr. Sizemore was enjoined from pursuing any further action against General Motors in the instant underlying civil action, Dr. Sizemore invited the trial court to act as it did. She has, therefore, "waived the right to argue that any error occurred as a result." *See id*.

{¶11} Dr. Sizemore's assignment of error is overruled.

III.

{¶12} Dr. Sizemore's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, P. J.
CONCURRING.

{¶13} I concur in the opinion of the majority. I write separately to emphasize that, while pro se litigants are governed by the same standards that apply to parties represented by counsel, this fact is balanced by the trial judge's responsibility to ensure that every person has the right to be heard. Jud.Cond.R.2.6, Comment [1A]. The comment references the rapid growth in the number of pro se litigants and the need for judges to be flexible in order to facilitate their ability to be heard. From the record before us, it appears that the trial court conscientiously protected that right.

BELFANCE, J.
CONCURRING.

{¶14} I concur in the judgment. I also share in Judge Moore's concerns and join in her concurrence.

APPEARANCES:

DR. TERRIE SIZEMORE, pro se, Appellant.

JAMES M. POPSON, Attorney at Law, for Appellee.