[Cite as *Rasberry v. Taylor*, 2013-Ohio-2175.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

MARVIN RASBERRY, et al.

    Appellee

    v.

TONY TAYLOR

    Appellant

C.A. No.    26510

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    10 CVG 07464

DECISION AND JOURNAL ENTRY

Dated: May 29, 2013

---

BELFANCE, Presiding Judge.

{¶1}   Tony Taylor appeals the judgment of the Akron Municipal Court.  For the reasons set forth below, we affirm in part and reverse in part.

I.

{¶2}   Mr. Taylor rented a house from Marvin Rasberry and Spencer Gibson, who were joint owners of the home.  On July 13, 2010, Mr. Taylor was given a three-day notice of eviction pursuant to R.C. 1923.04(A), and Mr. Rasberry filed a complaint on August 18, 2010, seeking a writ of restitution and a judgment for unpaid rent on behalf of himself and Mr. Gibson.  Following a September 7, 2010 hearing before a magistrate on the forcible entry and detainer cause of action, the trial court adopted the magistrate's decision and ordered that a writ of restitution be issued.  Mr. Taylor subsequently left the property.

{¶3}   On October 8, 2010, Mr. Taylor filed a counterclaim against Mr. Rasberry and Mr. Gibson, alleging wrongful eviction.  A second hearing before the magistrate occurred on

November 8, 2010, and the magistrate issued a decision recommending that the plaintiffs be awarded a judgment of $1275.25 against Mr. Taylor. Mr. Taylor objected to the magistrate's decision. The trial court decided to rehear the matter, expressing concern about the evidence submitted to the magistrate as well as Mr. Gibson potentially engaging in the unauthorized practice of law by representing Mr. Rasberry at the November 8, 2010 hearing. On May 27, 2011, the trial court held a new evidentiary hearing and issued a journal entry ordering Mr. Taylor to pay the plaintiffs $5,000 and dismissing his counterclaim. The trial court indicated it would supplement its May 27, 2011 decision with findings of fact and conclusions of law. Mr. Taylor appealed.

{¶4} While the matter was pending before this court, the trial court issued a journal entry on July 15, 2011, in which it elaborated on its May 27, 2011 entry, finding that the rent had been $415 per month and that Mr. Taylor owed the plaintiffs $3,735 for unpaid rent from 2010 and $1,046 for 2009. Mr. Taylor attempted to also appeal the July 15, 2011 entry, but this Court dismissed that appeal as being from a void entry. This Court also subsequently dismissed Mr. Taylor's appeal from the May 27, 2011 judgment entry, concluding that the entry did not constitute a final, appealable order. On remand, the trial court vacated its May 27, 2011 entry, and reissued its July 15, 2011 entry on May 25, 2012, as its judgment.

{¶5} Mr. Taylor has appealed, raising six assignments of error. For ease of discussion, we have rearranged his assignments of error.

II.

{¶6} Before addressing Mr. Taylor's assignments of error, we initially note that he is pro se. It is well-established that pro se litigants should be granted reasonable leeway, and their motions and pleadings should be construed liberally so as to decide the issues on the merits as

opposed to technicalities. *See, e.g., Pascual v. Pascual*, 9th Dist. No. 12CA0036–M, 2012–Ohio–5819, ¶ 5. "However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes." (Internal quotations and citations omitted.) *Id*. It is not this Court's duty to create appellant's argument for him. *See Cardone v. Cardone*, 9th Dist. No. 18349, 1998 WL 224934, *8 (May 6, 1998); App.R. 16(A)(7).

## ASSIGNMENT OF ERROR VI

THE TRIAL COURT ERRED BY ASSISTING THE UNREPRESENTED LANDLORD IN THE PRESENTATION OF THE LANDLORD'S CASE TO THE DETRIMENT OF THE TENANT.

## ASSIGNMENT OF ERROR VII

THE TRIAL COURT ERRED BY NOT ALLOWING DEFENDANT TO PRESENT EVIDENCE AND WITNESS TESTIMONY FOR LANDLORD RETALIATION AT INITIAL EVICTION HEARING BEFORE ISSUING A WRIT OF RESTITUTION.

{¶7} In Mr. Taylor's sixth and seventh assignments of error, he argues that the magistrate improperly excluded his witness at the September 7, 2010 hearing and argues that the trial court should not have issued the writ of restitution. However, the issuance of a writ of restitution is a final, appealable order, and Mr. Taylor never appealed the September 7, 2010 judgment entry granting the writ. *See Crossings Dev. Ltd. Partnership v. H.O.T., Inc.*, 96 Ohio App.3d 475, 482 (9th Dist.1994) ("A judgment entry giving or denying a landlord possession of premises is final (and immediately appealable), regardless of whether other claims between the parties remain to be determined by the trial court."); App.R. 4(A). Thus, matters concerning the writ of restitution are not before us on this appeal. Furthermore, it is undisputed that Mr. Taylor is no longer living at the disputed property, meaning that any issue involving the writ of

restitution is moot. *See* App.R. 12(A)(1)(c); *Crossings Dev. Ltd. Partnership* at 481 (Recognizing that an appeal in a forcible entry and detainer action is moot when a plaintiff is successful and the defendant does not obtain a stay preventing removal from the premises.).

## ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRED BY OFFERING A CONTINUANCE TO THE LANDLORD TO ENABLE THE LANDLORD TO PROVE THE EVICTION CLAIM AT A SUBSEQUENT HEARING.

{¶8} Mr. Taylor argues in his fifth assignment of error that the trial court should not have granted Mr. Rasberry a continuance when he failed to appear. However, there is no indication in the record that a continuance was ever granted, and Mr. Taylor has not indicated when he believes that the alleged continuance occurred. *See* App.R. 16(A)(7). Accordingly, his fifth assignment of error is overruled.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY ALLOWING [A] NON-ATTORNEY LIMITED PARTNER OF A PARTNERSHIP TO COMMENCE AND MAINTAIN AN EVICTION ON BEHALF OF THE PARTNERSHIP WITHOUT AN ATTORNEY.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED UNDER R.C. 4705.01[, WHICH] PROHIBITS ANY PERSON WHO IS NOT AN ATTORNEY FROM COMMENCING OR MAINTAINING AN ACTION ON BEHALF OF ANOTHER.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED BY NOT DISMISSING PLAINTIFF'S CLAIM WHEN PLAINTIFF FAILED TO APPEAR.

{¶9} Mr. Taylor argues that the trial court should have dismissed the complaint against him because Mr. Rasberry and Mr. Gibson engaged in the unauthorized practice of law. He also

suggests that the complaint at issue could not be commenced without an attorney because a partnership may not maintain an action without an attorney acting on its behalf.

{¶10} As a general rule, a nonattorney cannot engage in the practice of law. *Dayton Supply & Tool Co., Inc. v. Montgomery Cty. Bd. of Revision*, 111 Ohio St.3d 367, 2006–Ohio–5852, ¶ 2.

> The practice of law is not limited to the conduct of cases in court. It embraces the preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and courts, and * * * in general all advice to clients and all action taken for them in matters connected with the law.

(Internal quotations and citations omitted.) *Id*. at ¶ 7.

{¶11} Mr. Rasberry signed the complaint in this matter and named Mr. Gibson and himself as the plaintiffs in the caption of the complaint. However, Mr. Gibson never signed the complaint. Mr. Taylor suggests that Mr. Raspberry could not sign the complaint because the he is not an attorney and was therefore not authorized to sign a complaint on behalf of a partnership. It is true that a partnership must be represented by counsel. While Mr. Taylor contends that a partnership owns the property, the record indicates that the property is owned by Mr. Rasberry and Mr. Gibson rather than by a separate partnership. *See* R.C. 1776.21(A) ("A partnership is an entity distinct from its partners.").

{¶12} Mr. Taylor also argues that Mr. Rasberry and Mr. Gibson engaged in the unauthorized practice of law and, thus, their case should have been dismissed. Specifically, he points to Mr. Rasberry signing the complaint on behalf of Mr. Gibson and to Mr. Gibson allegedly representing Mr. Rasberry in the hearings before the magistrate.[1] Mr. Rasberry signed the complaint in this matter. There is no question that he could sign the complaint on his own

---

[1] This court does not have a full transcript of the proceedings before the magistrate.

behalf as an owner of the property. *See* Civ.R. 11 ("A party who is not represented by an attorney shall sign the pleading, motion, or other document * * *."). However, nothing in the record indicates that Mr. Rasberry was an attorney authorized to sign the complaint on behalf of Mr. Gibson. *See id.* (requiring pleadings to be signed either by the party or an attorney representing the party); R.C. 4705.01. While we acknowledge that it is the appellant's duty to ensure that the appellate record is complete, *Shumate v. Shumate*, 9th Dist. No. 09CA009707, 2010-Ohio-5062, ¶ 6, and that the record in this case is limited,[2] we cannot simply presume regularity in this instance because it is unclear whether the trial court realized that Mr. Gibson had never signed the complaint. Furthermore, while it would certainly appear that Mr. Rasberry is not an attorney from the record, the trial court never made any finding to that effect, and it would be inappropriate for us to make that determination in the first instance. Therefore, the matter must be remanded to the trial court so that the trial court may address the ramifications, if any, of Mr. Gibson's failure to sign the complaint.

{¶13} Mr. Taylor argues that the trial court should have dismissed the complaint because Mr. Rasberry did not appear at the magistrate's hearings and Mr. Gibson impermissibly represented Mr. Rasberry before the magistrate. The trial court recognized this issue and determined it would rehear the matter. Mr. Rasberry subsequently appeared at the May 27, 2011 evidentiary hearing before the trial court with counsel. After the trial court had noticed the problem, Mr. Taylor moved to dismiss Mr. Rasberry's claims for failure to appear. Mr. Taylor

---

[2] The transcript of the November 8, 2010 hearing ends by cutting the magistrate off in mid-sentence, and the transcript of the May 27, 2010 hearing before the trial court is three pages long, consisting of what appears to be discussion of preliminary matters in preparation of a hearing that day.

appears to have been essentially moving for a dismissal for failure to prosecute pursuant to Civ.R. 41(B)(1). *See id.* ("Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."). At the May 27, 2011 hearing, the trial court denied Mr. Taylor's motion.

**{¶14}** A trial court's ruling on a Civ.R. 41(B)(1) motion is reviewed for an abuse of discretion. *See Mark's Akron Medina Truck Sales, Inc. v. AFC Funding Corp.*, 9th Dist. No. 25466, 2011-Ohio-3797, ¶ 8. An abuse of discretion implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219. All of the parties had been proceeding pro se prior to the trial court pointing out the potential unauthorized practice of law problem of Mr. Gibson appearing before the magistrate on behalf of Mr. Rasberry, which was one of the specific reasons the trial court gave for deciding to rehear the matter. Mr. Rasberry appeared at the May 27, 2011 hearing before the trial court with counsel. Given the facts of this case and the trial court's decision to rehear all of the matters, we cannot conclude that the trial court abused its discretion when it denied Mr. Taylor's motion to dismiss Mr. Rasberry's claims for failure to prosecute. Moreover, Mr. Taylor has not provided any legal authority suggesting that the trial court lacked authority to rehear the matter. *See* Civ. R. 53(D)(4)(b).

**{¶15}** Accordingly, Mr. Taylor's first, second, and fourth assignments of error are overruled to the extent they challenge the judgment in favor of Mr. Rasberry. To the extent that Mr. Taylor is challenging the judgment in favor of Mr. Gibson, the matter must be remanded for further proceedings.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY OFFERING A CONTINUANCE TO THE LANDLORD TO OBTAIN COUNSEL.

ASSIGNMENT OF ERROR VIII

THE TRIAL COURT ERRED BY IMPLYING ON BOTH JUDGMENT ENTRIES THAT PLAINTIFF WAS PRESENT IN COURT WHEN THE TRUTH WAS HE WAS NOT.

{¶16}  While Mr. Taylor lists these assignments of error at the beginning of his brief, he does not address them at all in the body of his brief.  *See* App.R. 16(A)(7).  It is not this Court's duty to create Mr. Taylor's arguments for him, and, thus, his third and eighth assignments of error are overruled.  *Cardone*, 1998 WL 224934, at *8.

III.

{¶17}  Mr. Taylor's third, fifth, sixth, seventh, and eighth assignments of error are overruled.  His first, second, and fourth assignments of error are overruled in part.  The judgment of the Akron Municipal Court is affirmed to the extent it awarded judgment in favor of Mr. Rasberry and reversed to the extent it awarded judgment to Mr. Gibson.  The matter is remanded so that the trial court may address the issue of Mr. Rasberry signing the complaint on behalf of Mr. Gibson in the first instance.

Judgment affirmed in part  
reversed in part,  
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

EVE V. BELFANCE
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

TONY TAYLOR, pro se, Appellant.

EDWARD SMITH, Attorney at Law, for Appellee.