[Cite as *Georgia Banking Co. v. Summit Housing, L.L.C.*, 2018-Ohio-3468.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| GEORGIA BANKING COMPANY | | C.A. No. 28581 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| SUMMIT HOUSING LLC, et al. | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellees | | CASE No. CV 2015 10 5016 |

DECISION AND JOURNAL ENTRY

Dated: August 29, 2018

HENSAL, Presiding Judge.

{¶1} Georgia Banking Company appeals a judgment of the Summit County Court of Common Pleas that denied its motions for a debtor's exam. For the following reasons, this Court affirms.

I.

{¶2} Jeff and Patricia Warren obtained a loan by executing a note that they secured with a mortgage on a parcel of real property. The Warrens later transferred the property to Summit Housing, LLC. In 2015, Georgia Banking filed a complaint for foreclosure against Summit Housing and the Warrens, alleging that the Warrens had defaulted on the note and that it was entitled to foreclose on the mortgage. The parties eventually agreed to a consent decree, which the trial court entered. Georgia Banking subsequently moved for a debtor's exam of both of the Warrens, alleging that they had property that they were refusing to apply toward the

satisfaction of the court's judgment. The trial court denied its motions. Georgia Banking has appealed, assigning as error that the trial court incorrectly denied its motions for a debtor's exam.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN DENYING PLAINTIFF/APPELLANT'S MOTIONS FOR DEBTORS' EXAMS AS THE CONSENT DECREE IN FORECLOSURE ENTERED INTO BY ALL PARTIES CLEARLY STATED THAT A MONEY DAMAGES JUDGMENT WOULD BE RENDERED.

{¶3} Georgia Banking argues that the trial court incorrectly denied its motions for a debtor's exam. The court denied the motions for two reasons. First, it determined that the judgment part of the consent decree did not contemplate that further collections actions would be taken against the Warrens beyond the sale of the foreclosed property. Second, it determined that the affidavit that Georgia Banking's counsel filed with the motions for debtor's exam was insufficient under Revised Code Section 2333.09.

{¶4} In its appellate brief, Georgia Banking has argued that the trial court's first explanation is incorrect because the consent decree specifically awarded it a monetary judgment. It has not contested the trial court's second reason for denying the motions, however, which was that the averments in the affidavit Georgia Banking submitted in support of the motions were insufficient. Accordingly, even assuming that its argument regarding the consent decree is correct, it has failed to establish that the court's alternative, independent explanation for its decision was incorrect. *See Tabatabai v. Thompson*, 9th Dist. Medina No. 16CA0044-M, 2017-Ohio-361, ¶ 15. If an appellant fails to develop an argument in support of its assignment of error, "[i]t is not this Court's duty to create [an] argument for [it]." *Rasberry v. Taylor*, 9th Dist. Summit No. 26510, 2013-Ohio-2175, ¶ 6, citing *Cardone v. Cardone*, 9th Dist. Summit Nos.

18349, 18673, 1998 Ohio App. LEXIS 2028, *22 (May 6, 1998); App.R. 16(A)(7). We, therefore, conclude that Georgia Banking has failed to establish that the trial court incorrectly denied its motions for a debtor's exam. Georgia Banking's assignment of error is overruled.

### III.

**{¶5}** Georgia Banking's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

BRIAN GREEN and SEAN BURKE, Attorneys at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JOHN GALONSKI, Assistant Prosecuting Attorney, for Appellee.

JEFF WARREN and PATRICIA WARREN, pro se, Appellees.