MEMORANDUM OPINION
{¶ 1} On November 19, 2007, appellant, James F. Beil, pro se, filed a notice of appeal from a September 10, 2007 judgment entry of the Lake County Court of Common Pleas. In that entry, the trial court ordered that appellant's complaint was dismissed without prejudice pursuant to Civ.R. 41(B)(1).
 {¶ 2} Pursuant to Civ.R. 41(B)(3), a dismissal under Civ.R. 41(B)(1) "operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." Here, the trial court specified that the action was dismissed without *Page 2 
prejudice. In general, a dismissal without prejudice constitutes "an adjudication otherwise than on the merits" with no res judicata bar to refiling the suit. Thomas v. Freeman (1997), 79 Ohio St.3d 221, 225, fn. 2. "This is because a dismissal without prejudice places the parties in the same position they were in before they filed the action."Johnson v. H M Auto Service et al., 10th Dist. No. 07AP-123,2007-Ohio-5794, 2007 Ohio App. LEXIS 5094, at ¶ 7. Furthermore, as long as a party may refile or amend a complaint, a dismissal without prejudice is not a final appealable order. Id.
 {¶ 3} Since appellant could refile his claims within one year of their dismissal, the trial court's dismissal without prejudice is not a final appealable order. Therefore, this court lacks jurisdiction at this time to consider this appeal.
 {¶ 4} In addition, even if we had a final appealable order in this case, appellant's appeal was untimely filed pursuant to App.R. 4(A). Appellant filed his appeal on November 19, 2007, from a September 10, 2007 judgment entry. Hence, the notice of appeal was filed more than two months after the judgment had been issued by the trial court. Appellant's notice of appeal was due on Wednesday, October 10, 2007, which was not a holiday or a weekend.
 {¶ 5} Accordingly, for the foregoing reasons, this appeal is dismissed, sua sponte.
 {¶ 6} Appeal dismissed.
 MARY JANE TRAPP, J., TIMOTHY P. CANNON, J., concur. *Page 1