DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, John Yencho, Jr. ("Husband") appeals from the decision of the Medina County Domestic Relations Court. This Court reverses.
 I. {¶ 2} At the outset, we note that Appellee, Rocio Del Carmen Yencho ("Wife") has not filed a merit brief in the instant matter. Accordingly, we may accept Husband's recitation of facts and issues of the case as correct and reverse the judgment if his brief reasonably appears to sustain such action. See App.R. 18(C). *Page 2 
 {¶ 3} On October 5, 2005, Husband filed a complaint against Wife for divorce and a motion to vacate the marital residence. Husband's complaint contained a copy of an antenuptial agreement, entered into on November 20, 1997. He requested shared parenting of the parties' minor child, J.Y. A case management hearing and a hearing on Husband's motion to vacate the marital residence was set for December 8, 2005. On October 11, 2005, the trial court issued a mutual restraining order against Husband and Wife from, among other things, interfering with the parent-child relationship. On November 8, 2005, Wife answered Husband's complaint. In her answer, Wife asserted that the antenuptial agreement was of "no force or effect because [she] did not and to this date does not understand it or its terms and conditions or the significance of the documents since her native language is Spanish and this documents (sic) was signed within a month of her arrival to the United States from Brazil."
 {¶ 4} On November 17, 2005, a case services assessment hearing was held before a court investigator. On December 7, 2005 Husband filed a notice of dismissal of his earlier motion to vacate the marital residence. On December 8, 2005, a case management conference was held before a magistrate and an order was issued setting a pretrial before a judge on October 11, 2006. The trial was set for October 26, 2006. On January 5, 2006, Wife filed a motion to reinforce the restraining order as to Husband. *Page 3 
 {¶ 5} On February 6, 2006, a mediation hearing was held. The docket notation indicated that all issues were considered at this hearing. The mediation report stated that the parties were able to reach a tentative agreement regarding parenting time. On March 27, 2006, the parties attended an additional mediation hearing. Wife's attorney did not attend. Wife attended, but did not submit a proposed separation agreement or parenting plan. On June 28, 2006, Husband filed a motion to show cause and for attorney fees for Wife's failure to adhere to the October 5, 2005 mutual restraining order. A hearing on this motion was scheduled for September 20, 2006. On August 11, 2006, Wife's attorney filed a motion to withdraw from representation, which was granted on August 15, 2006. On September 13, 2006, Husband filed a motion to vacate the premises, a motion to show cause and for attorney fees for failing to adhere to the October 5, 2005 restraining order. This matter was set for a hearing on October 26, 2006, the date of the scheduled trial. On September 21, 2006, Husband filed motions for temporary custody, for exclusive possession, and for child support. A hearing on these motions was held on October 4, 2006 and mediation was set for October 12, 2006. On October 11, 2006, a pretrial was held. On October 12, 2006, Wife's new counsel entered a notice of appearance. The docket notation of the October 11th pretrial indicated that a settlement was possible. Although the original trial was scheduled for October 26, 2006, the docket does not indicate the reason it did *Page 4 
not take place. On November 21, 2006, however, the trial court issued an amended notice of hearing, stating that the trial was reset for February 2, 2007.
 {¶ 6} On January 5, 2007, Husband filed a motion for adoption of his shared parenting plan. A hearing on this motion was scheduled for February 2, 2007, the date of the trial. On January 17, 2007, Wife responded to Husband's motion for adoption of shared parenting plan and filed a motion for modification of the plan. On January 29, 2007, Wife filed a motion for equitable division of marital property, child custody, child and spousal support.
 {¶ 7} At the February 2, 2007 final hearing considering the divorce, the trial court ordered the parties to engage in an expanded case service assessment with a court investigator. This assessment took place on March 13. The court set a hearing on the validity of the parties' antenuptial agreement for March 22, 2007. According to the trial court's order, on March 22, 2007, the parties requested time to negotiate a settlement. The court permitted the parties to work towards a settlement. The trial court's entry states:
 "Counsel continued to represent that the case would be resolved in a few minutes. By 4:30 p.m. counsel still had not reached a resolution and they were admonished that a settlement would have to be on the record or trial begun by 5:00 p.m. Again they missed the deadline. By 5:30 p.m. counsel was still seeking additional time. At 6:00 p.m. a deputy asked them to leave. This case having come on for trial three times and having been called, the Court dismisses it for want of prosecution."
 {¶ 8} Husband timely appealed from this order, asserting one assignment of error for our review. *Page 5 
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DISMISSING THE DIVORCE FOR WANT OF PROSECUTION, AS THE COURT FAILED TO CONSIDER LESS DRASTIC MEASURES, AND THE COURT FAILED TO GIVE APPELLANT PROPER NOTICE OF THE DISMISSAL, AND AN OPPORTUNITY TO DEFEND AGAINST THE DISMISSAL."
 {¶ 9} In his sole assignment of error, Husband contends that the trial court erred and abused its discretion by dismissing the divorce for want of prosecution, as the court failed to consider less drastic measures, and the court failed to give him proper notice of the dismissal and an opportunity to defend against the dismissal. We agree.
 {¶ 10} We review a trial court's decision to dismiss a case pursuant to Civ.R. 41(B)(1) for an abuse of discretion. Quonset Hut v. Ford MotorCompany (1997), 80 Ohio St.3d 46-47. The phrase "abuse of discretion" connotes more than an error of judgment; rather, it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd., (1993),66 Ohio St.3d 619, 621. "[A] dismissal under Civ.R. 41(B)(1) `operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies.'" Beil v. Willoughby Probation, 11th Dist. No. *Page 6 
2007-L-194, 2007-Ohio-7119, at ¶ 2. Therefore, we must apply this standard of review with a heightened degree of scrutiny, because the trial court's decision "forever den[ied] a plaintiff a review of a claim's merits." Jones v. Hartranft (1997), 78 Ohio St.3d 368, 372.
 {¶ 11} A trial court may involuntarily dismiss a case under Civ.R. 41(B)(1) "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order[.]" The trial court may sua sponte raise this issue, however, it must give notice to the plaintiff's counsel. "The notice requirement `provide[s] the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice.'" Sunkin v. Collision Pro, Inc, 9th Dist. No. 23730, 2007-Ohio-6046, at ¶ 16, quoting Logsdon v.Nichols (1995), 72 Ohio St.3d 124, 128.
 {¶ 12} Further, notice for purposes of Civ.R. 41(B)(1) may be reasonably implied under the circumstances of a case. "For purposes of Civ.R. 41(B)(1), counsel has notice of an impending dismissal with prejudice * * * when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." Quonset Hut, Inc., 80 Ohio St.3d at syllabus. See Sazima v.Chalko (1999), 86 Ohio St.3d 151, 156 (finding that a pending motion to dismiss was sufficient to put the plaintiff on implied notice of an impending dismissal.) *Page 7 
 {¶ 13} We find nothing in the record suggesting that Husband had any notice, whether express or implied, of the trial court's intention to dismiss his case, nor was he afforded an opportunity to defend against the dismissal. In fact, we note from the trial court's entry dismissing the case that the parties were actively involved in attempts to negotiate a settlement. The trial court stated that "[t]his case having come on for trial three times and having been called, the Court dismisses it for want of prosecution." Our review of the record does not support this statement.
 {¶ 14} The original trial date in this case was set for October 26, 2006. For reasons not indicated on the docket, the trial did not occur on that date. The trial was then reset for February 2, 2007. The docket notation for this date indicates that it was a final hearing and the final divorce was considered. Further, the court order indicated that the parties were to "engage in an expanded case services assessment" with a court investigator who would recommend to the trial court a parenting time schedule to be included in the shared parenting plan. The order then stated that "[t]he validity of the parties' antenuptial agreement shall be set for hearing on March 22, 2007[.]" Despite the fact that the February 2, 2007 docket indicates a final hearing was held and that a hearing regarding the antenuptial agreement would be held on March 22, 2007, the docket notation for this date states that the March 22 hearing was a "Final hearing[.]" We find nothing in the record to indicate that the parties were aware that this was a second "[f]inal *Page 8 
hearing." As we stated above, because Wife did not file a merit brief, we may take Husband's recitation of the facts as true in this case. Husband argued that "[n]o notice was give to [him] as to the matter being dismissed for failure to prosecute[.]" Further, he argued that he "clearly pursued his claim through the course of the divorce. [He] engaged in extensive discovery to prepare for the trial of this matter as the parties had been unable to resolve their issues." We find nothing in the record to contradict these statements.
 {¶ 15} For these reasons, we find that the trial court abused its discretion when it dismissed Husband's case for failure to prosecute without giving him any notice or allowing him an opportunity to defend against the dismissal. Accordingly, Husband's assignment of error is sustained.
 III. {¶ 16} Husband's assignment of error is sustained. The judgment of the Medina County Domestic Relations Court is reversed and the cause is remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded
The Court finds that there were reasonable grounds for this appeal. We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into *Page 9 
execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
SLABY, J. DICKINSON, J. CONCUR