DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Jason Potter ("Father"), appeals from the decision of the Medina County Domestic Relations Court. This Court affirms.
 I. {¶ 2} On January 31, 2003, Potter and Appellee, Holly Parish ("Mother"), were granted a divorce. Mother and Father have three minor children. In 2006 the trial court modified the parties' parental rights and responsibilities and Potter's child support obligations. On April 27, 2007, Potter filed several motions, including a motion: 1) to show cause, 2) to enforce the prior judgment entry, 3) to make up possession time, 4) for attorney fees, 5) to modify child support, and 6) for Parish to provide medical insurance.
 {¶ 3} On June 13, 2007, the parties appeared for a hearing on these motions. The trial court found that the "parties mutually requested a continuance on the various matters in order to prepare for trial." In the trial court's order ("the June order"), it granted the request for a *Page 2 
continuance and noted that the existing order of the court provided that the children spend summer vacation with Father. To this end, the trial court ordered Mother to deliver the children to Father's home on June 18, 2007, where they would remain until July 29, 2007. Further, the trial court ordered the parties to exchange by July 18, 2007 all financial information and marginal out-of-pocket expenses for the children's medical insurance as well as any other information the opposing party requested. The court required the parties by June 22, 2007 to supply the court and each other with their residential addresses and telephone numbers, names and addresses of employers and names, addresses, and telephone numbers of all of the children's health care providers by June 22, 2007.
 {¶ 4} On August 2, 2007, the parties again appeared for a hearing on Father's motions. At this hearing, the trial court dismissed Father's motions, finding that he had failed to comply with the discovery requirements set forth in the June order. The motions were dismissed without prejudice for want of prosecution. It is from this judgment that Father timely appealed, raising two assignments of error. We have combined them for ease of review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DISMISSING [FATHER'S] PENDING MOTIONS."
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED UNDER OHIO LAW BY DISMISSING [FATHER'S] PENDING MOTIONS"
 {¶ 5} In his assignments of error, Father contends that the trial court erred and abused its discretion in dismissing his pending motions and that the trial court erred under Ohio law by dismissing his motions. We disagree. *Page 3 
 {¶ 6} Father specifically contends that "[t]he Trial Court failed to provide [Father] or his counsel any prior notice of its intention to sua sponte dismiss [Father's] action." Father uses Civ.R. 41 to support his argument.
 {¶ 7} Civ.R. 41 provides, in relevant part:
 "(B) Involuntary dismissal: effect thereof
 "(1) Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." Civ.R. 41(B)(1).
 {¶ 8} Father contends that under this rule, the trial court was required to notify him of its intention to dismiss. Mother argues that Civ.R. 41(B)(1) applies only to the dismissal of an action or a claim, not a pending motion. Accordingly, Mother argues, the notice requirements of Civ.R. 41(B) do not apply to Father's motions. We agree with Mother's contention. Mother states that at the June 13, 2007 hearing, the trial court put Father on notice by stating "If you didn't comply with the court order in all technical respects, then you lose[,]" "my orders that I previously issued are going to be enforced[,]" and "if you fail to comply with the court order, you lose your case[.]" Our independent review shows that Mother has taken these statements out of context. In an effort to find any slight reference in the record to support her position, Mother has neglected to disclose that these statements were made with regard to a previous child support order, granting summer visitation to Father. Specifically, the trial court was requiring BOTH parties to follow its earlier imposed orders until a hearing on any modifications could be had. These statements do not in any way refer to any procedural matters with regard to filing motions or discovery that would put Father on notice. As such, we consider Mother's argument disingenuous. *Page 4 
 {¶ 9} In Montano v. Montano (Dec. 16, 1993), 8th Dist. No. 65148, the Eighth District Court of Appeals determined that the notice requirement in Civ.R. 41 did not apply to a motion to vacate. In that case, the parties were granted a divorce in 1990. In 1992, the husband filed a motion to vacate the judgment. The motion was set to be heard on June 24, 1992. The husband's counsel requested a continuance, which the trial court granted. The husband's counsel then requested a second continuance. On August 21, 1992, the wife requested a continuance, which the trial court granted. The husband failed to appear at the October 14, 1992 hearing, which was then rescheduled by agreement for November 5, 1992. The husband moved again for a continuance. The trial court did not rule on this motion. Neither the husband nor his counsel appeared at the November 5, 1992 hearing. Upon the wife's motion, the husband's motion to vacate was dismissed for want of prosecution. The husband appealed this decision, arguing to the eighth district that the trial court erred in dismissing his motion to vacate without first issuing notice. Id., at *3.
 {¶ 10} The eighth district noted that a "motion to vacate the judgment was not a punitive dismissal of an `action' for non-prosecution but, rather, a dismissal of a motion for post-judgment relief for non-prosecution." Id. Further,
 "[a]s it relates to the instant matter, the term `action' refers to the complaint for divorce[.] *** Moreover, an action ceases to exist when the court journalizes a final judgment that adjudicates the rights of all of the parties to the action and determines all of the claims involved in the action." Id.
 {¶ 11} Accordingly, the Montano court found that the trial court's judgment granting the divorce terminated the action. Therefore, the eighth district reasoned, Civ.R. 41(B)(1), insofar as it required notice before the dismissal of an action, did not apply. The court found that the husband's "post-judgment motion to vacate was merely an attempt to resurrect the action so he could attack the judgment." Montano, supra, at *3. Finally, the eighth district found that "the *Page 5 
civil rules do not require such prior notice by the court before it can dismiss a motion for post-judgment relief for non-prosecution." Id.
 {¶ 12} Similarly, we find that the `action' in this case was terminated when the trial court granted Mother and Father's divorce. Accordingly, Father's post-judgment motions did not constitute an `action' for purposes of Civ.R. 41(B)(1). Therefore, we find that the trial court was not required to provide Father notice before dismissing his motions for want of prosecution. To support his argument that Civ.R. 41 applies to his case, Father points to this Court's recent decision inYencho v. Yencho, 9th Dist. No. 07CA0043-M, 2008-Ohio-340. However, that case is inapplicable to the case at hand. In Yencho we were asked to determine the propriety of a dismissal of a divorce action for want of prosecution. As such, we utilized Civ.R. 41(B)(1) to find that the court failed to give the appellant proper notice and an opportunity to defend against the dismissal. In his zeal to find supporting case law, Father's counsel seems to have ignored this fact. Instead, he urges this Court to find that Yencho is directly on point with the instant case. As we have determined that Father's motions do not constitute an action,Yencho, insomuch as we applied Civ.R. 41(B)(1) to an action, does not support Father's argument.
 {¶ 13} Father next contends that the transcript shows that he provided the information required by the June order to the court and to Mother. In its judgment entry, the trial court stated that
 "[f]rom said hearing of June 13, 2007, the Court issued pretrial orders requiring, inter alia, for the parties to exchange financial information not later than July 18, 2007. Upon review of the file and representations of counsel, the Court finds that [Father] did not comply with the pretrial orders. The case, therefore, is not in a trial-ready posture. Now, therefore, the Court dismisses [Father's] aforesaid motions without prejudice for want of prosecution."
 {¶ 14} The June order required the parties to exchange *Page 6 
 "all financial information relative to their respective incomes, marginal out-of-pocket expenses for the children's medical insurance, and all other information either or both parties are requesting to include in the child support computation worksheets. Said information shall be exchanged between the parties' counsel not later than Wednesday, July 18, 2007."
 {¶ 15} At the August 2, 2007 hearing, the trial court noted that the record reflected that Mother's attorney had certified that he had submitted the information required by the June order. While Father's attorney claimed that he had submitted the information, there was no certification on the record and Mother's attorney asserted that he had not received the information. We find that the record reflects that on July 18, 2007, Mother filed a notice that she had submitted her personal federal tax returns and medical insurance detail and rates sheets for each child. To support his argument, Father states that he submitted his residential address and telephone number, names and addresses of employers and the children's health care providers, but that this occurred on and off the record. He further states that he presented the financial information to Mother on June 13, 2007. Rather than point this Court to any reference in the June 13, 2007 transcript, Father cites to the transcript of the August 2, 2007 hearing, where he stated that he provided the information to Mother on June 13, 2007 and that he believed the record would so reflect. Our review of the June 13, 2007 transcript, as well as our review of the docket, does not reflect that this information had indeed been exchanged. We find nothing in the record to support Father's argument that the trial court abused its discretion by dismissing his motions for want of prosecution. Accordingly, Father's assignments of error are overruled.
 III. {¶ 16} Father's assignments of error are overruled and the judgment of the Medina County Domestic Relations Court is affirmed.
 Judgment affirmed. *Page 7 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 Whitmore, J. Dickinson, J. concur. *Page 1