[Cite as *Denkewalter v. Denkewalter*, 2015-Ohio-3171.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

GABRIELLA MOIR
fka DENKEWALTER

    Appellant

    v.

JACK KURT DENKEWALTER

    Appellee

C.A. No.     13CA0082-M


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    04DR0638

DECISION AND JOURNAL ENTRY

Dated: August 10, 2015

---

WHITMORE, Judge.

{¶1}    Appellant, Gabriella Moir, fka Denkewalter, appeals an order from the Medina County Court of Common Pleas, Domestic Relations Division. This Court affirms in part and reverses in part.

I

{¶2}    Jack and Gabriella Denkewalter divorced on March 6, 2006. At that time, they were the parents of two minor children, one of whom is now emancipated. The divorce litigation was contentious, and the animosity between the parties continued unabated after the marriage ended. During the course of the proceedings, the Supreme Court of Ohio appointed Judge Carol J. Dezso of the Summit County Court of Common Pleas to preside over the case.

{¶3}    At issue in this appeal is a motion to reallocate parental rights and responsibilities that Ms. Moir filed on June 27, 2012. In her motion, Ms. Moir argued that the shared parenting plan should be terminated because Mr. Denkewalter had been arrested on charges of possessing

marijuana. A magistrate heard the matter on September 25, 2012, at which time it appears that evidence was taken and the children were interviewed in camera. The magistrate referred the matter to mediation, ordered the children to attend counseling with Mr. Denkewalter at his cost, and provided that Mr. Denkewalter would have parenting time "as the children and Father agree." The counseling sessions were postponed during the criminal case against Mr. Denkewalter, and on February 20, 2013, the magistrate revisited the issue. At that time, the magistrate ordered counseling through a different service with the costs to be divided equally by the parties. The magistrate's order also provided that "[e]ither party may request a second initial hearing after ten sessions are completed. Violations of this Order will result in contempt and a probable jail sentence, and dismissal of the non-complying party's motions."

{¶4} Five months later, the magistrate issued a decision that dismissed Ms. Moir's motion to reallocate parental rights, noting that "[p]ursuant to a February 20, 2013, Order, either party had an option to request a second initial hearing after attending ten family counseling sessions * * * [and] [t]o date, neither party has requested another hearing date." The trial court adopted the magistrate's decision and dismissed the pending motions on the same date, but that order was signed by a Summit County judge other than the one appointed to hear the case. Ms. Moir objected to the dismissal of her motion with prejudice and without notice. The trial court sustained Ms. Moir's objections in part, noting that she had not been provided with notice of the impending dismissal. The trial court then dismissed Ms. Moir's motion without prejudice, noting that she was free to refile. The trial court also ordered Mr. Denkewalter and the children to continue counseling "as the counselor recommends."

{¶5}   Ms. Moir filed this appeal.   During the course of the proceedings, Mr. Denkewalter withdrew his opposition to her appeal.   Nonetheless, we must address the merits of her assignments of error, which are rearranged for ease of disposition.

II

**Jurisdiction**

{¶6}   As an initial matter, this Court must determine whether we have jurisdiction to consider Ms. Moir's appeal.   This Court has jurisdiction to review judgments, decrees, and final orders.   *See* R.C. 2505.03.   Two provisions of R.C. 2505.02(B), which defines a "final order," are applicable in this case.   They provide that "[a]n order is a final order * * * when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment [or] * * * affects a substantial right made in a special proceeding * * * ." R.C. 2505.02(B)(1)/(2).

{¶7}   Under R.C. 2505.02(B)(1), an order "determines the action and prevents a judgment" when it "dispose[s] of the merits of the cause or some separate and distinct branch thereof [leaving] nothing for the determination of the court."   *VIL Laser Sys., L.L.C. v. Shiloh Industries., Inc*., 119 Ohio St.3d 354, 2008-Ohio-3920, ¶ 8, citing *Miller v. First Internatl. Fid. & Trust Bldg., Ltd*., 113 Ohio St.3d 474, 2007-Ohio-2457, ¶ 6.   Courts have concluded that when a motion in a domestic case is dismissed without prejudice, the court has not made a final determination of the rights of the parties, and there is no final appealable order for purposes of R.C. 2505.02(B)(1).   *See Kopina v. Kopina*, 5th Dist. Knox No. 13CA30, 2014-Ohio-287, ¶ 19-20.   Considered under R.C. 2505.02(B)(1), the trial court's order that dismissed Ms. Moir's motion to terminate shared parenting without prejudice did not make a final determination of the rights of the parties by resolving a distinct branch of the case.

{¶8} Our analysis, however, cannot end there. Divorce actions are special proceedings. *State ex rel. Papp v. James*, 69 Ohio St.3d 373, 379 (1994). Decisions involving the care and custody of a child implicate substantial rights of the natural parents. *State ex rel. V.K.B. v. Smith*, 138 Ohio St.3d 84, 2013-Ohio-5477, ¶ 16. Consequently, we must consider whether the trial court's order dismissing Ms. Moir's motion without prejudice is final and appealable under R.C. 2505.02(B)(2). For purposes of that section, an order "affects" a substantial right when appropriate relief cannot be obtained in an appeal from final judgment. *Southside Community Dev. Corp. v. Levin*, 116 Ohio St.3d 1209, 2007-Ohio-6665, ¶ 7, quoting *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993).

{¶9} In this case, Ms. Moir's motion to reallocate parental rights based on the alleged changed circumstances in 2012 has been dismissed, and there is no final judgment from which she can obtain relief by means of appeal in the future. Although it is true that she can file another motion, that is a qualification without meaning in this context. A parent can always invoke the continuing jurisdiction of the domestic relations court to consider reallocation of parental rights. Ms. Moir can certainly file a new motion; such is her right. What she cannot do is obtain a ruling on the motion that she filed in 2012 based on circumstances as they existed at that time and upon which the trial court took evidence at that time. Therefore, on the specific facts of this case, we conclude that Ms. Moir's appeal is final and appealable under R.C. 2505.02(B)(2) because the trial court's order affects a substantial right in the context of a special proceeding. *Compare Parish v. Potter*, 9th Dist. Medina No. 07CA0078-M, 2008-Ohio-3212, ¶ 4 (reviewing the merits of the dismissal without prejudice of multiple postdecree motions).

## Assignment of Error Number One

THE COURT ABUSED ITS DISCRETION WHEN IT DISMISSED MOTHER'S MOTION TO MODIFY PARENTAL RIGHTS AND RESPONSIBILITIES AND MOTION FOR ATTORNEY FEES IN VIOLATION OF CIV.R. 41(B) REGARDING NOTICE TO THE PLAINTIFF.

{¶10} Ms. Moir's first assignment of error is that the trial court erred by dismissing her motion for failure to prosecute without first providing notice. We agree that the trial court erred.

{¶11} Civ.R. 41 governs the dismissal of actions. With respect to failure to prosecute, Civ.R. 41(B)(1) provides that "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." A dismissal under this section is an adjudication of the merits of the dispute unless otherwise provided by the trial court. Civ.R. 41(B)(3). As this Court has recognized, the provisions of Civ.R. 41(B)(1) apply to actions and claims, but not to postdecree motions in domestic cases. *Parish* at ¶ 12. In these circumstances, a trial court may dismiss a motion for failure to prosecute, but the specific procedural requirements of Civ.R. 41(B)(1) do not apply. Ms. Moir's arguments regarding Civ.R. 41(B)(1) are, therefore, misplaced.

{¶12} Nonetheless, the essential point that Ms. Moir has made is correct: the record in this case does not indicate that there was a failure to prosecute, and the trial court erred by construing the magistrate's previous order in a manner that made it appear otherwise and dismissing the motion sua sponte. After the initial hearing on Ms. Moir's motion, the magistrate ordered Mr. Denkewalter to attend ten counseling sessions with his sons and informed the parties that either "may request a second initial hearing" once the counseling had been completed. The magistrate had taken evidence on the motion, and the plain language of the magistrate's order did not require either party to request a second hearing as a prerequisite for a ruling on the merits.

The docket demonstrates that both parties were vigorously engaged in the postdecree litigation. Put simply, there is no failure to prosecute evident from the record, and the trial court erred by dismissing Ms. Moir's motion sua sponte on that basis.

{¶13} Ms. Moir's first assignment of error is sustained.

### Assignment of Error Number Five

THE COURT ERRED AS A MATTER OF LAW WHEN IT APPOINTED MAGISTRATES OR ALLOWED NONAPPOINTED MAGISTRATES AND OTHER JUDGES TO HEAR MATTERS AND ISSUE AND SIGN DECISIONS WHEN THE OHIO SUPREME COURT HAD SPECIFICALLY ASSIGNED JUDGE CAROL DEZSO.

{¶14} Ms. Moir's fifth assignment of error challenges the authority of a trial court judge other than the one appointed to preside over the case to sign orders and the ability of the assigned judge to refer proceedings to a Summit County magistrate. Because we have reversed the trial court's decision dismissing Ms. Moir's motion, this assignment of error is moot with respect to the participation of a judge who had not been assigned to the case in that decision. With respect to the participation of an unassigned Summit County magistrate, Ms. Moir failed to object to the magistrate's decision, and this argument is forfeited.

{¶15} The crux of Ms. Moir's argument is that because the Supreme Court of Ohio assigned Judge Carol Dezso to preside over this case, actions taken by another trial court judge or by a magistrate are void for lack of subject matter jurisdiction. We disagree.

{¶16} In *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, the Supreme Court of Ohio considered whether the improper assignment of visiting judges by a magistrate was void or merely voidable. In that case, a magistrate acted beyond the scope of his authority by transferring a permanent custody case to a visiting judge and, subsequently, a series of unassigned visiting judges presided over the proceedings. *Id.* at ¶ 4-6. Ultimately, a visiting

judge terminated the appellant's parental rights and granted permanent custody of his child to the Department of Children and Family Services. *Id*. at ¶ 6. The appellant never objected during the trial court proceedings and raised the issue for the first time on appeal. *Id*. The Supreme Court concluded that the errors related not to subject matter jurisdiction, but to the exercise of jurisdiction over the case. *Id*. at ¶ 15. The Court noted that because such errors render a judgment voidable, it is "the duty of a complaining party seeking review to object in the trial court and timely preserve the error for appeal * * *." *Id.* at 15. More specifically, the Court concluded that "the magistrate's order [of reference], although erroneous, did not divest the juvenile court of jurisdiction" and held that "because [the appellant] failed to object at any time during any of the proceedings, he has not properly preserved the error * * * for purposes of appellate review." *Id*. at ¶ 16.

{¶17} The Ohio Supreme Court has consistently reached a similar conclusion in other cases. *See Miller v. Nelson-Miller*, 132 Ohio St.3d 381, 2012-Ohio-2845 (a magistrate's signature on behalf of the trial court judge who presided over the case rendered the judgment voidable, not void); *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980 (failure to convene a three-judge panel to accept a guilty plea in a case involving a death penalty specification did not deprive the single trial court judge who presided of subject matter jurisdiction); *State v. Thomas*, 97 Ohio St.3d 309, 2002-Ohio-6624, ¶ 58 (the improper referral of an evidentiary matter in a death penalty case to a visiting judge "did not go to the jurisdiction of the court or render the judgment void."); *Ex Parte Strang*, 21 Ohio St. 610 (1871), paragraph one of the syllabus ("[t]he acts of an officer de facto, when questioned collaterally, are as binding as those of an officer de jure.")

{¶18} This Court has grave concerns about the procedures that were employed in this case. Nonetheless, any possible errors in the assignment of other judicial personnel would render the judgment voidable, not void. "Under Civ.R. 53(D)(3)(b)(iv), a party forfeits all but plain error with respect to the appeal of any finding of fact or legal conclusion to which no objection is made in the trial court." *Lakota v. Lakota*, 9th Dist. Medina No. 10CA0122-M, 2012-Ohio-2555, ¶ 9. Ms. Moir did not object to the magistrate's decision in this respect, so she has forfeited all but plain error, which she has not argued in this Court. *See Hendy v. Wright*, 9th Dist. Summit No. 26422, 2013-Ohio-5786, ¶ 14. Ms. Moir's fifth assignment of error is overruled.

### Assignment of Error Number Two

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ORDERED PSYCHOLOGICAL COUNSELING FOR THE MINOR CHILDREN AFTER THE COURT HAD DISMISSED ALL MOTIONS.

### Assignment of Error Number Three

THE COURT ABUSED ITS DISCRETION WHEN IT ASSUMED JURISDICTION WHERE SERVICE WAS DEFECTIVE.

### Assignment of Error Number Four

THE COURT ABUSED ITS DISCRETION WHEN IT ORDERED PSYCHOLOGICAL COUNSELING WHERE NO HEARING WAS HELD TO DETERMINE THE CHILDREN'S BEST INTERESTS.

{¶19} Ms. Moir's second, third, and fourth assignments of error all challenge aspects of the trial court's decision that flowed from its decision to dismiss her motion for reallocation of parental rights. Having sustained Ms. Moir's first assignment of error, consideration of her second, third, and fourth assignments of error is premature.

III

{¶20} Ms. Moir's first assignment of error is sustained. Her fifth assignment of error is overruled. Her second, third, and fourth assignments of error are not ripe for decision. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed in part, and the matter is remanded for proceedings consistent with this opinion.

> Judgment affirmed in part,
> reversed in part,
> and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

BETH WHITMORE
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

CHERYL A. LUKACS, Attorney at Law, for Appellant.

J. KURT DENKEWALTER, pro se, Appellee.