[Cite as *Barnick v. Barnick*, 2016-Ohio-5808.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| LENORE A. BARNICK | | C.A. No. 28058 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| WILLIAM BARNICK, JR. | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. 1997-06-1492 |

DECISION AND JOURNAL ENTRY

Dated: September 14, 2016

MOORE, Presiding Judge.

{¶1} Defendant-Appellant William Barnick appeals from the decision of the Summit County Court of Common Pleas, Domestic Relations Division. We affirm.

I.

{¶2} After 24 years of marriage, Mr. and Ms. Barnick were granted a divorce on June 22, 2001. The parties had two children born of the marriage, one who was emancipated at the time of the divorce. At the time of the final hearing, Mr. Barnick was unemployed and was receiving $1,400 per month in unemployment compensation. The trial court found Mr. Barnick voluntarily unemployed. It concluded that if Mr. Barnick had been fully employed, he would have had probable earnings of $72,500 per year and imputed the same income for purposes of calculating child support. Mr. Barnick was ordered to pay $726.25 per month in child support and $80 per month in spousal support. However, at the time the parties' son became emancipated, Mr. Barnick's spousal support obligation would increase to $1,125 per month. The

decree provided that the award would be modifiable upon a showing of a change of circumstances by either party.

{¶3} Mr. Barnick appealed the awards of spousal and child support. *Barnick v. Barnick,* 9th Dist. Summit No. 20666, 2002 WL 388906, *1 (Mar. 13, 2002). This Court affirmed the trial court's judgment. *Id.*

{¶4} In November 2013, Mr. Barnick filed a motion to terminate and/or modify spousal support based upon changed circumstances. In December 2013, Ms. Barnick filed a motion for contempt against Mr. Barnick based upon his failure to pay child and spousal support. Additionally, she sought a lump sum judgment for the spousal and child support arrearages. A hearing was held on July 2, 2014, at which no testimony was presented. Instead, counsel for both sides presented argument, and exhibits were admitted into evidence.

{¶5} At the hearing, counsel for both sides acknowledged that Mr. Barnick was approximately $153,000 in arrears on his court-ordered payments. The exhibits evidenced that Mr. Barnick became disabled on October 1, 2010, and began receiving government benefits in March 2011. Included in the exhibits were reports detailing Mr. Barnick's support payments, as well as Mr. Barnick's affidavit of income and expenses.

{¶6} The magistrate issued a decision finding Mr. Barnick disabled and concluding that he received a net monthly income of $2,228 from Social Security. Additionally, the magistrate found that Mr. Barnick received $298.66 per month from a pension, bringing his total income per month to $2,526.66. The magistrate further found that Ms. Barnick's income had increased substantially since the divorce; she was earning $40,000 at the time of the divorce and would earn around $98,000 per year in 2014.

**{¶7}** The magistrate concluded that it was appropriate to modify Mr. Barnick's spousal support obligation to zero due to his reduced income because of his disability. Additionally, the magistrate found that Mr. Barnick was unable to pay the spousal support award as ordered and, thus, was not guilty of contempt. Nonetheless, the magistrate determined that Mr. Barnick was $143,645.47 in arrears and granted Ms. Barnick a judgment in that amount. Mr. Barnick was ordered to pay $900 per month towards the judgment until it was paid in full and was also ordered to name Ms. Barnick as a beneficiary on his State Farm Life Insurance policy and maintain her as a beneficiary until the judgment was paid in full.

**{¶8}** The trial court adopted the magistrate's decision and entered judgment accordingly. Mr. Barnick filed objections to the magistrate's decision asserting that the magistrate abused her discretion in requiring Mr. Barnick to pay $900 per month to satisfy the judgment and in requiring Mr. Barnick to designate Ms. Barnick as a beneficiary on his life insurance policy. Mr. Barnick maintained that he could not afford to pay Ms. Barnick $900 per month and meet all of his expenses, which included $1,850 in rent. After a transcript of the hearing was filed, Mr. Barnick submitted a supplemental brief that reiterated his earlier arguments. Ms. Barnick filed a brief in response.

**{¶9}** Ultimately, the trial concluded there was no error in the magistrate's decision and that the record supported all of the magistrate's findings of fact. The trial court found the magistrate did not abuse her discretion in ordering Mr. Barnick to pay $900 per month towards the judgment or in requiring Mr. Barnick to designate Ms. Barnick as a beneficiary on his life insurance policy.

**{¶10}** Mr. Barnick has appealed, raising two assignments of error for our review.

II.

**<u>ASSIGNMENT OF ERROR I</u>**

THE TRIAL COURT ERRED IN GRANTING THE JUDGMENT FOR [MR. BARNICK'S] SPOUSAL SUPPORT ARREARS BECAUSE THE JUDGMENT IS UNSUPPORTED BY THE EVIDENCE.

**{¶11}** Mr. Barnick argues in his first assignment of error that the trial court erred in awarding Ms. Barnick a judgment of $143,645.47 as it was not supported by the record. Essentially, Mr. Barnick appears to challenge the trial court's adoption of the magistrate's finding that Ms. Barnick was entitled to an award of $143,645.47.

**{¶12}** Here, the magistrate concluded that Mr. Barnick accumulated an arrearage of $143,645.47 and determined that Ms. Barnick was entitled to a judgment in that amount. The trial court adopted the magistrate's decision and entered judgment accordingly. Mr. Barnick never objected to the finding by the magistrate that the arrearage totaled $143,645.47. Instead, he objected to the magistrate's determination that he should make payments of $900 per month and designate Ms. Barnick as the beneficiary on his life insurance policy.

**{¶13}** Civ.R. 53(D)(3)(b)(iv) provides that, "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." *See also Harrel v. Donovan,* 9th Dist. Lorain No. 15CA010765, 2016-Ohio-979, ¶ 12. Thus, as Mr. Barnick failed to object to the magistrate's decision on the basis he now argues on appeal, he has forfeited all but plain error. *See, e.g., Denkewalter v. Denkewalter,* 9th Dist. Medina No. 13CA0082-M, 2015-Ohio-3171, ¶ 18. Further, because Mr. Barnick has not developed a plain error argument on appeal, we overrule his argument on that basis. *See id.*

**{¶14}** Mr. Barnick's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN ORDERING [MR. BARNICK] TO PAY $900.00 PER MONTH WHEN IT DECLINED TO CONSIDER THAT [MR. BARNICK] HAD ANY ROOM AND BOARD EXPENSES.

**{¶15}** Mr. Barnick argues in his second assignment of error that the trial court erred in ordering him to pay $900 per month to satisfy the judgment ordered against him.

**{¶16}** Generally, "[t]his Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion." *Tabatabai v. Tabatabai,* 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 17. "Under this standard, we must determine whether the trial court's decision was arbitrary, unreasonable, or unconscionable-not merely an error of law or judgment." *Id.* "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Id.* at ¶ 18. Generally, matters relating to spousal support and spousal support arrearages are reviewed for an abuse of discretion. *See Mackey v. Mackey,* 5th Dist. Stark No. 2009 CA 00149, 2010-Ohio-1332, ¶ 22; *Dus v. Dus,* 9th Dist. Summit No. 18770, 1998 WL 733724, *6 (Oct. 21, 1998) ("As to the lump sum award of spousal support arrearages, we also find no abuse of discretion.").

**{¶17}** Mr. Barnick argues that the trial court erred in adopting the magistrate's finding that he should pay $900 per month towards the arrearages judgment. He asserts that he is unable to pay that amount in light of his limited monthly income of $2,526.66 and that the trial court failed to consider his housing expenses of $1,850 per month. He points out that his affidavit stated that his housing expenses were $1,850 and no evidence was submitted to contradict that. He also notes that Ms. Barnick's income was substantially greater than his, seeming to imply that Ms. Barnick does not need the money, but Mr. Barnick does.

{¶18} In the magistrate's decision, the magistrate noted that Mr. Barnick claimed he paid "$1,850 per month for room and board at a wellness center, but declined to bring evidence of these payments." Instead, the only evidence Mr. Barnick supplied demonstrating his expenses was his affidavit of income and expenses which merely listed his total monthly housing expenses as $1,850. Ultimately, the magistrate concluded $900 was an appropriate monthly payment. Mr. Barnick objected to this finding, and the trial court concluded that the $900 amount was reasonable because Mr. Barnick failed to substantiate that he spent $1,850 per month on room and board. Viewing the magistrate's decision and the ruling on the objections together, it appears that the magistrate found that Mr. Barnick's statements in his affidavit about his housing expenses lacked credibility, and that the trial court did not find the magistrate's credibility determinations unreasonable under the circumstances. Mr. Barnick did not argue below, and has not argued on appeal, that he would still be unable to afford the $900 payment if his housing expenses were less than the amount he claimed in his affidavit. Also, Mr. Barnick has pointed to no law that requires the trier of fact to accept all assertions in an affidavit as credible merely because the affidavit is unopposed. Further, Mr. Barnick has pointed to no authority that Mr. Barnick should be subject to a lower payment merely because Ms. Barnick's income is such that she does not require the payments to survive. *See* App.R. 16(A)(7).

{¶19} In fact, Mr. Barnick has cited to no law, aside from law for the standard of review, to support this assignment of error. *See* App.R. 16(A)(7). Accordingly, in light of the foregoing, Mr. Barnick has failed to demonstrate any abuse of discretion on the part of the trial court. *See Bouillon v. Bouillon,* 3d Dist. Seneca Nos. 13-14-33, 13-15-02, 2015-Ohio-2886, ¶ 33 ("It is [Appellant's] contention that he should not have been responsible for the spousal support arrears because he could not afford the payments. [Appellant] argues the two assignments of error

together without providing any legal support for his claims. [Appellant's] arguments in these assignments of error do not comply with App.R. 16(A), and as such, they do not merit our review."). Given the record before us, and Mr. Barnick's limited arguments, we overrule his second assignment of error.

**{¶20}** Mr. Barnick's second assignment of error is overruled.

### III.

**{¶21}** The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

WHITMORE, J.
HENSAL, J.
CONCUR.


APPEARANCES:

LESLIE S. GRASKE, Attorney at Law, for Appellant.

SHUBHRA N. AGARWAL, Attorney at Law, for Appellee.