[Cite as *Seabolt v. Seabolt*, 2018-Ohio-20.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

HERBERT L. SEABOLT

    Appellant

    v.

RHONDA M. SEABOLT

    Appellee

C.A. No.    28669

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR-2015-09-2841

DECISION AND JOURNAL ENTRY

Dated: January 3, 2018

HENSAL, Presiding Judge.

{¶1} Herbert Seabolt has attempted to appeal a judgment entry of the Summit County Court of Common Pleas, Domestic Relations Division, that granted Rhonda Seabolt's motion for relief from judgment under Civil Rule 60(B). For the following reasons, we dismiss the appeal.

I.

{¶2} The Seabolts married in 1986. In 2015, Husband filed a complaint for divorce, listing the marital home as Wife's last known address. After holding a final hearing that Wife did not attend, the trial court entered a judgment for divorce. Six months later, Wife moved for relief from judgment, alleging that she did not receive notice of the final hearing. Following a hearing on her motion, the court found that Husband had provided an address for Wife that was not reasonably calculated to notify her of the court's orders, that Husband did not properly serve Wife, and that Husband took additional measures to conceal the proceedings from Wife. It

granted Wife's motion, concluding that she did not receive legally sufficient notice of the final hearing. Husband has attempted to appeal the trial court's judgment entry, assigning five errors.

II.

JURISDICTION

**{¶3}** As a preliminary matter, we must determine whether we have jurisdiction over this appeal. *Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). This Court has jurisdiction to hear appeals only from judgments and final orders. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.02. In the absence of a final appealable judgment or order, this Court must dismiss the appeal. *Lava Landscaping, Inc. v. Rayco Mfg., Inc.*, 9th Dist. Medina No. 2930-M, 2000 Ohio App. LEXIS 176, *2 (Jan. 26, 2000).

**{¶4}** "An order is a final, appealable order only if it meets the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B)." *Lycan v. Cleveland*, 146 Ohio St.3d 29, 2016-Ohio-422, ¶ 21. Revised Code Section 2505.02(B)(3) provides that the definition of a "final order" includes "[a]n order that vacates or sets aside a judgment * * *." The trial court's entry granting Wife's motion for relief from judgment, which she purported to file pursuant to Civil Rule 60(B), initially appears to satisfy that requirement because it vacates part of its "Final Judgment for Divorce * * *[.]" The parties acknowledge, however, that the "Final Judgment for Divorce * * *" did not distribute the marital property. The Ohio Supreme Court has held that, if a judgment entry does not adjudicate all of the rights and liabilities of all of the parties, it is not a final judgment. *Jarrett v. Dayton Osteopathic Hospital, Inc.*, 20 Ohio St.3d 77, 78 (1985). It has also held that a motion seeking to vacate such an entry is not a Rule 60(B) motion, but is instead authorized under Rule 54(B). *Id*. Consequently, we conclude that the trial court's entry that granted Wife's motion for relief from judgment does not qualify as a final order under Section

2505.02(B)(3) because it did not "vacate[ ] or set[ ] aside a judgment[.]" R.C. 2505.02(B)(3); *see also Baker v. Baker*, 9th Dist. Lorain No. 09CA009603, 2009-Ohio-6906, ¶ 8 (concluding that divorce entry that did not fully divide the parties' property was not a final judgment).

{¶5} The trial court's entry also does not qualify as a final order under Section 2505.02(B)(2). That section provides that the definition of a "final order" includes "[a]n order that affects a substantial right made in a special proceeding * * *." Divorce actions are special proceedings. *State ex rel. Papp v. James*, 69 Ohio St.3d 373, 379 (1994). Accordingly, the trial court's entry would constitute a final order if it "affect[ed] a substantial right." R.C. 2505.02(B)(2). According to Section 2505.02(A)(1), a "[s]ubstantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." An order affects a substantial right if "appropriate relief cannot be obtained in an appeal from final judgment." *Moir v. Denkewalter*, 9th Dist. Medina No. 13CA0082-M, 2015-Ohio-3171, ¶ 8, citing *Southside Community Dev. Corp. v. Levin*, 116 Ohio St.3d 1209, 2007-Ohio-6665, ¶ 7.

{¶6} As previously explained, because the trial court's "Final Judgment of Divorce * * *" did not dispose of the marital property, it was not a final judgment and remained subject to modification. *Jarrett* at 78; *Bencin v. Bencin*, 9th Dist. Medina No. 14CA0063-M, 2016-Ohio-54, ¶ 8. We note that the entry that granted Wife's motion for relief from judgment only vacated the "Final Judgment of Divorce * * *" in part. Specifically, the entry indicated that the "Final Judgment of Divorce * * *" was vacated "only to the extent that allows [Wife] to file an answer * * * so that she may assert a defense or counterclaim regarding the division of property and spousal support." Husband has not alleged that the entry affected his substantial rights, let alone established that he will not be able to obtain appropriate relief in an appeal from the trial court's

final judgment. We, therefore, conclude that the trial court entry that granted Wife's motion for relief from judgment is also not a final order under Section 2505.02(B)(2).

**{¶7}** Husband argues that the court's entry is appealable because it contains language that "there is no just reason for delay" under Rule 54(B). This Court does not have jurisdiction over an appeal, however, unless both the requirements of Section 2505.02 and Rule 54(B), if applicable, are met. *Lycan*, 146 Ohio St.3d 29, 2016-Ohio-422 at ¶ 21; *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86 (1989), syllabus. An order that does not meet the requirements of Section 2505.02 is not a final order "regardless of its Civ.R. 54(B) language." *Chef Italiano Corp.* at 89. Upon review of the record, we conclude that the trial court's judgment entry granting Wife's motion for relief from judgment is not an appealable judgment or final order. Accordingly, this Court is without jurisdiction to consider Husband's attempted appeal and it must be dismissed.

III.

**{¶8}** We conclude that the trial court's judgment entry is not final and appealable. Husband's attempted appeal is dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

 

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

CORINNE HOOVER SIX, Attorney at Law, for Appellant.

SUSAN LAX, Attorney at Law, for Appellee.